**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN  DIVISION**


| | | |
|---|---|---|
| MIKEL NEIL (deceased),<br>By and through His Next Friend<br>CLARA CHEEKS | ) ) ) ) ) | |
| Plaintiff | ) ) | |
| | ) | Case Number:  4:18CV-2091 |
| v. | ) ) | |
| JON BELMAR, Individually, and in his<br>Official capacity as St. Louis County,<br>Missouri, Chief of Police; | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ALEX MALLOY,<br>(Individually *and in his official capacity*<br>*As A St Louis County Police Officer);* | ) ) ) | |
| | ) | |
| MARK JAKOB,<br>(Individually and in his official capacity<br>As a St Louis County Police Officer; | ) ) ) | |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI;  and | ) ) | |
| THE MISSOURI STATE HIGHWAY<br>PATROL | ) ) ) | |
| | ) | |
| Defendants. | ) | |


**COMPLAINT**

**COMES NOW,** Plaintiff, MIKEL NEIL(deceased), by and through his Next Friend

CLARA CHEEKS, and the undersigned counsel of record and files herewith the instant

Complaint.

**INTRODUCTION**

1.      Clara Cheeks is the Natural Mother of the decedent as set forth in § 537.080.1,

RSMo and is thus entitled to bring this action for the wrongful death of her son.

1

2.      The decedent, MIKEL NEIL, was at the time of his death residing in St Louis County, Missouri.

3.      The decedent, MIKEL NEIL, died on August 10, 2018, as a result of injuries sustained in a motor vehicle incident involving defendants Alex Malloy and Mark Jakob formerly of the St. Louis County police department.

4.      Defendants Malloy and Jacob engaged in a high-speed chase through a residential area because of an alleged misdemeanor traffic violation.   This police action resulted in multiple fatalities.

## PARTIES

5.      Defendant, JON BELMAR, at all times relevant to this cause of action, was the St. Louis County Chief of Police.

6.      At all times relevant hereto, Belmar acted in accordance with his authority as the Chief of Police, under color of law, statutes, ordinances, regulations, policies, customs, and usages of St. Louis County, Missouri and the St Louis County Police Department, and thus he is sued in his official and individual capacity.

7.      Defendant, Alex Malloy, at all times relevant to this cause of action, was a Police Officer for the St. Louis County Police Department.

8.       Defendant, Alex Malloy acted under color of law and is sued in his official and individual capacity.

9.      Defendant, Mark Jakob, at all times relevant to this cause of action, was a Police Officer for the St. Louis County Police Department acting under color of law and is thus sued in his official and individual capacity.

2

10.     Defendant St. Louis County, Missouri, at all times relevant hereto is a properly organized municipality within the state of Missouri. For the purposes of this action and in said capacity, Defendant St. Louis County, Missouri is responsible for and manages, directs and controls the St. Louis County Police Department.

11.     St. Louis County Police Department promulgates policies and practices as set forth by and consistent with St. Louis County, Missouri.

12.     Defendant St. Louis County Missouri, at all-time relevant hereto, was responsible for each department within St. Louis County, including the Police Department, including acts and omissions of its officers.

13.     At all times relevant to this cause of action, Defendant, St. Louis County, Missouri possessed the power and authority to adopt policies and prescribes rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual officers of  St. Louis County, Missouri, Police Department, and to assure that said actions, policies, rules, regulations, practices, and procedures of  the St. Louis County Police Department and its employees comply with the laws and Constitutions of the United States and of the State of Missouri.

14.     Defendant, Missouri State  Highway Patrol is a law enforcement agency / political subdivision organized under the laws of the state of Missouri and operates the Missouri State Highway Patrol, law enforcement agency TROOP C in the State of Missouri.

15.     Defendant Missouri State Highway Patrol "MSHP" at all times relevant to this cause of action, is a properly organized municipality in the state of Missouri. For the purposes of this action and in said capacity, Defendant MSHP is responsible for and administers the MSHP Troop # C, which in turn promulgates policies and practices in Troop C jurisdiction.

16.     Defendant MSHP, at all times relevant to this cause of action, runs, operates, oversees, administers, supervises, and is otherwise responsible for the conduct of  MSHP Officers, including both acts and omissions of the officers.

17.     At all times relevant to this cause of action, Defendant, MSHP possessed the power and authority to adopt policies and prescribes rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual officers of  MSHP, and to assure that said actions, policies, rules, regulations, practices, and procedures of  MSHP and its employees comply with the laws and Constitutions of the United States and of the State Of Missouri.

18.     At all times mentioned herein, Defendants, Mark Jakob acted within the course and scope of their employment while driving a St. Louis County-owned police vehicle within St Louis County, Missouri is thus liable for damages stemming from the negligent acts arising out of the careless operation of a motor vehicle during the course of their employment.

19.     Upon information and belief, Defendant St. Louis County, Missouri has purchased liability insurance for the conduct alleged in this Complaint and thus Sovereign immunity is waived pursuant to RSMo 537.610.

## JURISDICTION

20.     This action is instituted and prosecuted under and by virtue of section 537.080 et. seq. RSMo., commonly referred to as the Wrongful Death Statute.  Plaintiff Clara Cheeks is the surviving natural parent of decedent Mikel Neil.

21.     Plaintiff brings this action pursuant to 42 U.S.C. Sections 1983 and 1988, along with the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

22.     The Court has jurisdiction pursuant to 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331.

23.     The Court has supplemental jurisdiction to hear and decide claims arising under State law pursuant to 28 U.S.C. Section 1367.

## VENUE

24.     The events complained of occurred in the Eastern District of Missouri, in the Eastern Division and in accordance with 28 U.S.C. Section 1391.

## COLOR OF STATE LAW

25.     At all relevant times, Defendant Mark Jakob, Alex Malloy and the Missouri State Highway Patrol, were in official uniform and acting under color of law.

26.     At all relevant times, Defendant's acted under color of the laws, statutes, ordinances, regulations, policies, customs and usage of the State of Missouri, and their respective political subdivisions / law enforcement entities.

27.     Defendants by their omissions, commissions, actions and inactions, behaved with reckless disregard to a known, excessive risk of serious harm to Plaintiff, Mikel Neil safety and the conduct later described herein was deliberately indifferent to the health, safety, life and reasonable protections.

28.     Defendant Mark Jakob, Alex Malloy, as well as all other Law Enforcement Officers, received training on high-speed chases.

29.     Defendant Mark Jakob, Alex Malloy, as well as all other Law Enforcement Officers must continually question whether the seriousness of the violation precipitating the pursuit coupled with the present danger to any citizen suspect, warrants continuation of any said high-speed pursuit.

30.     Defendant Mark Jakob, Alex Malloy, as well as all other Law Enforcement Officers knew or should have known to abandon such a pursuit that endangers life, especially where, as here continued pursuit is in direct violation of the policies and trainings and is inconsistent with protocol.

31.     Engaging in a high-speed pursuit is unauthorized for minor traffic violations.

32.     Violating a Stop sign, a Red Electric Signal or the posted speed limit in the State of Missouri is not a felonious offense of law and thus not the basis for engaging in a high-speed pursuit.

33.     The vehicles used by the Defendant law enforcement officers were "emergency vehicles" as defined by Missouri Statute.

34.     In Missouri, Police pursuits "may exceed the prima facie speed limit so long as the driver does not endanger life". RSMo 304.022(5)(1).

35.     In this case, Defendants Mark Jakob, Alex Malloy, exceeded the prima facie speed limit and thus needlessly and recklessly and maliciously endangered life with deliberate indifference to the rights of plaintiff.

36.     Every person operating a motor vehicle…shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger life or limb of any person and shall exercise the highest degree of care, as set forth in Section 304.012(1) RSMo .  Defendants Mark Jakob, Alex Malloy failed to adhere to this basic mandate.

37.     Defendants Mark Jakob, Alex Malloy knew an accident with injuries occurred as a direct result of their unlawful high-speed pursuit of plaintiff.

38.     Defendants Mark Jakob, Alex Malloy left the scene of the accident where the injury…or accident occurred without stopping and in so doing, or acting with malice, indifference, and a complete disregard for the law they are sworn to uphold.

39.     The behavior of Defendants Mark Jakob, Alex Malloy constitutes a criminal act.

40.     The behavior of Defendants Mark Jakob, Alex Malloy described hereinabove, violates St Louis County, Missouri Police Department Policy, which promulgates the safe of Emergency Vehicles.

41.     St. Louis County policy, as set forth herein above, indicates that pursuit is authorized by commissioned officers only when ALL the following criteria are met: (1) The suspect committed or attempted to commit a felony; and (2) The crime involved the use or threatened use of deadly force; and (3) There is a substantial risk that the fleeing violator will cause death or serious physical injury if apprehension is delayed.

## FACTS

42.     On about August 10, 2018, decedent Mikel Neil, operated a 2003 Hyundai Elantra on Airport Road, in the City of Berkeley.

43.     Plaintiff allegedly violated a red electric signal.

44.     Defendants Alex Malloy and Mark Jakob activated their emergency lights and began a pursuit of Plaintiff on Airport Road.

45.     At all time relevant to this matter, St Louis County Police Officers, Malloy and Jakob were acting within the scope and course of their employment with St Louis County, Missouri.

46.     Upon information and belief, the posted speed limit on the roadway, Airport Road, within Berkeley Missouri is between 35 and 40 Miles Per Hour.

7

47.     This stretch along Airport Road where the high-speed chase occurred is primarily residential.

48.     Upon information and belief, the St Louis County Police Officers operated their emergency vehicles at speeds in excess of 90 miles per hour and as such, violated various mandates.

49.     Upon information and belief, one or more St. Louis County police vehicle(s) driven by Defendants Alex Malloy and Mark Jakob, intentionally performed a "pit" maneuver on decedent's vehicle, thus putting in motion, a sequence of events resulting in an off-the- roadway crash.

50.     The vehicle careened into a tree located near the roadway at the intersection of Airport Road and Tyndall Drive as a result of the "pit" maneuver.

51.      Defendants Alex Malloy and Mark Jakob, having knowledge of said pursuit and vehicle crash, left the scene of the crash.

52.     Defendants Alex Malloy and Mark Jakob failed to provide immediate, and necessary medical treatment to the occupants of the vehicle,  thereby demonstrating complete indifference, contributing to the death of Plaintiff.

53.     Defendants Alex Malloy and Mark Jakob returned to the vehicle crash scene approximately 45 minutes after causing the incident. By this time, both defendants were dead.

54.     Both occupants of the vehicle were alive and breathing immediately following the crash.

55.     Neither Alex Malloy nor Mark Jakob notified 911 Emergency Medical Personnel as to the apparent need for medical attention as a result of the crash.

56.     Said defendants failed to alert appropriate authorities to the obvious need for medical assistance.

57.     Defendant's conduct is analogous to refusing medical attention to a person in need as a result of police action.

58.     Defendants Alex Malloy and Mark Jakob and/or St. Louis County Police Officials reported this incident as a single-car accident caused by driver error despite witness accounts to the contrary and even though it substantially deviated from the actual events that occurred.

59.     St Louis County Police falsely claimed that its officers were not involved in a pursuit.

60.     St Louis County Police failed or refused to listen to eyewitness accounts of a police chase involving a "pit" maneuver.

61.     St. Louis County police ignored and/or completely disregarded video footage of the pursuit, caught on camera by various establishments.

62.     St. Louis County police commandeered video footage of the pursuit caught on camera by various establishments but failed and/or refused to acknowledge that the footage revealed a high-speed pursuit involving its officers.

63.     St. Louis County's public false statement as to the high-speed police chase was made without meaningful investigation.  Their behavior connotes a pattern and or policy and/or practice of a police cover-up when law enforcement engages in improper or questionable conduct.

64.      Video coverage from security camera's captured, by several third-party individuals and/or entity's, confirm that St Louis County Police made completely and accurate, misleading and false representations as to the incident.

65.    The family of the decedent, as well as the public as a whole, are entitled to the truth, as opposed to a self-serving Public Relations (PR) statement void of the truth.

66.    Defendants Alex Malloy and Mark Jakob and St Louis County Missouri demonstrated an interest and desire to avoid liability for the actual events that transpired on August 10, 2018.

67.    Each of the aforementioned defendants intentionally misrepresented the facts and evidence so as to mislead the public and avoid liability.

68.    St. Louis County, and other Missouri Police Officials, directly communicated with the Missouri State Highway Patrol regarding the incident described herein .

69.    St Louis County, Missouri has purchased Insurance Coverage for the conduct and negligence and wrongdoing of its Police Officers.  As such, the Defendants are not entitled to immunity.

## COUNT I

**VIOLATIONS OF THE 4th, 5th 8th  and 14th  AMENDMENTs TO THE U.S. CONSTITUTION ACTIONABLE PURSUANT TO 42 U.S.C. SEC. 1983**
**Due Process, Right to Life and Bodily Integrity/**
**Unreasonable Seizure/ Cruel and Unusual Punishment**
**Against All ST LOUIS COUNTY Defendants**

70.    Plaintiff's re-alleges and incorporates by reference, as though fully contained herein, all preceding allegations set forth above.

71.    Defendants are persons for the purposes of a Section 1983 action for damages.

72.    At all times material hereto, the Defendants actions/and or inactions were taken under color of authority of law as law enforcement officers for the respective law enforcement agencies.

10

73.     Upon the Plaintiff's stop in response to the traffic stop pursuit, decedent, Neil, was seized for Fourth Amendment purposes. The seizure of Neil continued through the show of authority, show of force and the application of force by law enforcement and the foreseeable actions of third parties in response to law enforcement.

74.     In their pursuit of a person, whom was alleged to have committed a traffic infraction, the Defendants acted unreasonably and with excessive force under the circumstances as to Mr. Neil. Such actions resulted in the death of Mr. Mikel Neil.

75.     The Fourth Amendment provides: "The right of people to be secured in their persons…against unreasonable…seizures, shall not be violated…"

76.     Defendants' actions violated the Fourth Amendment to the U.S. Constitution, which prohibits seizure without probable cause. Acting individually and in concert, Defendant's-through their own actions and or omissions, engaged in an additional and unlawful seizure of Plaintiff, and then engaged in an unlawful use of force against Plaintiff when deploying a "pit" along with other maneuvers, upon the occupied Plaintiff vehicle on multiple occasions at speeds that were much too dangerous for said tactics. The tactics of these circumstances was malicious and clearly at odds with department policy, statutory mandate was consistent with the customs and policies and practices of Defendants and their respective department.

77.     The Defendant Police Officers failed to provide or alert medical attention to an obviously injured citizen suspect, subject to police action and thereby refused to provide medical care to a citizen in obvious need. Returning to the scene almost an hour after the accident had occurred, this delay in care and or providing medical care was malicious, deliberately indifferent, constitutes an intent to harm, was an administration of cruel and unusual punishment of a citizen

suspect subject to police action, being in any form of custody, constructive or otherwise and may have insured the death of plaintiff.

78.     Additionally, each Defendant in this Count failed to prevent the official breach of duty and constitutional violations committed by the other and as such failed in the duty to intervene and protect a citizen suspect from the excessive and unreasonable force of another law enforcement officer.

79.     The acts and / or omissions of each Defendants were the legal and proximate cause of Plaintiff's, pains and death.

80.     As a direct and proximate result of the unreasonable seizure of Plaintiff, she suffered severe emotional pains and continues to suffer severe mental anguish and emotional distress.

81.     The acts of the Defendants each of them as described, were intentional, with the intent to harm, wanton, malicious, oppressive, reckless and deliberately indifferent to the rights of Plaintiff, the life of Plaintiff, thus entitling the Plaintiff to an award of punitive damages against the individually named Defendants and their respective agencies.

82.     The conduct of the Defendant's put Plaintiff at risk of serious, immediate and proximate harm, including death. Foreseeable under the circumstances in their totality.

83.     As a direct and proximate result of the Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover damages for:

a.      The deprivation of the deceased's constitutional rights;

b.      The humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress suffered by the deceased;

     c.     The present worth or value of the estate which Mikel Neil would reasonably be expected to have saved and accumulated as a result of his efforts between the time of his premature death and the end of his natural life, had he lived.

     d.     The death and funeral expenses as well as interest on the cost of funeral and burial of Mikel Neil for the period between the date of his premature death and the date on which he could have been expected to die;

     e.     The physical and mental pain and suffering of Mikel Neil;

     f.     The present value of loss of services and support;

     g.     All consequential damages;

     h.     All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses; and

     i.     Any other damages allowed by federal or state law.

84.     If Plaintiff prevails, she is entitled to an award of attorney's fees, pursuant to 42 U.S.C. Sec. 1988.

**WHEREFORE,** Plaintiff prays for judgment against Defendant(s) jointly and severally for compensatory damages, including but not limited to the following

     a.   Medical and funeral expenses connected to the death;

     b.   loss of the victims expected earnings;

     c.   loss of benefits, such as pension plans or medical coverage;

     d.   loss of an inheritance caused by the untimely death of plaintiff,

     e.   the value of the goods and services that decedent would have provided;

     f.   damages for the survivors mental anguish or pain-and-suffering;

g.   loss of the care, protection, guidance, advice, training, and nurturing from the

decedent;

h.   loss of love, society, and companionship from the decedent;

i.   punitive damages;

j.   attorney's fees pursuant to applicable statute;

k.   pre-and post-judgment interest;

l.   costs; and

m.  such other and further relief deem just and appropriate by this Court.

## COUNT II

**VIOLATIONS OF THE FOURTH AMENDMENT TO THE U.S.
CONSTITUTION ACTIONABLE PURSUANT TO 42 U.S.C. SEC. 1983
(EXCESSIVE  FORCE)
Against All ST LOUIS COUNTY Defendants**

85.     Plaintiffs incorporates by reference, as though fully contained herein, all

preceding allegations set forth above.

86.     Defendants are persons for the purposes of a Section 1983 action for damages.

87.     At all times material hereto, the Defendants actions/and or inactions were taken

under color of authority of law as law enforcement officers for the respective law enforcement

agencies.

88.     Plaintiff  Neil was seized at the instant Defendants activated their emergency equipment

in an effort to subject the suspect vehicle to its authority as a law enforcement officer.

89.     In their pursuit of a person, whom was alleged to have committed a traffic

infraction, the Defendants acted unreasonably and with excessive force under the circumstances

as to Mr. Mikel Neil. Such actions resulted in the death of Mr. Mikel Neil.

14

90.     At each of these moments, of deployment efforts the pit and others, each overly aggressive and reckless driving behavior and pursuit misconduct, Plaintiff's Fourth Amendment rights to be free and secure from unreasonable and excessive force, as applied to the states by the Fourteenth Amendment, were fully implicated.

91.     Acting individually and in concert, Defendant's- through their own actions and or omissions, engaged in an additional and unlawful seizure of Plaintiff, and then engaged in an unlawful use of force against Plaintiff when deploying The Pit, upon the occupied Plaintiff vehicle at speeds that were much too dangerous for a more safe deployment.  The deployment of these maneuvers under these circumstances was malicious and clearly at odds with department policy, was consistent with the customs and policies and practices of Defendants and their respective department.  That said, the use of the Pit and other tactics constituted the use of unreasonable and excessive force against the suspect vehicle as well as Plaintiff as an occupant.

92.     Additionally, each Defendant in this Count failed to prevent the breach and constitutional violations committed by the other and as such failed to intervene and protect one from the excessive and unreasonable force of law enforcement.

93.     The acts and / or omissions of each Defendants were the legal and proximate cause of Plaintiff's catastrophic injuries, pains and death.

94.     As a direct and proximate result of the unreasonable seizure of Plaintiff, she suffered severe emotional pains and continues to suffer severe mental anguish and emotional distress.

95.     The acts of the Defendants each of them as described, were intentional, with the intent to harm, wanton, malicious, oppressive, reckless and deliberately indifferent to the rights

15

of Plaintiff, the life of Plaintiff, thus entitling the Plaintiff to an award of punitive damages against the individually named Defendants and their respective agencies.

96.     As a direct and proximate result of the Defendants' illegal and unjustified conduct, the Plaintiffs were injured and are entitled to recover damages for:

a.      The deprivation of the deceased's constitutional rights;

b.      The humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress suffered by the deceased;

c.      The present worth or value of the estate which Mikel Neil would reasonably be expected to have saved and accumulated as a result of his efforts between the time of his premature death and the end of his natural life, had he lived.

d.      The death and funeral expenses as well as interest on the cost of funeral and burial of Mikel Neil for the period between the date of his premature death and the date on which he could have been expected to die;

e.      The physical and mental pain and suffering of Mikel Neil;

f.      The present value of loss of services and support;

g.      All consequential damages;

h.      All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses; and

i.      Any other damages allowed by federal or state law.

j.      If Plaintiff prevails, she is entitled to an award of attorney's fees, pursuant to 42 U.S.C. Sec. 1988.

**WHEREFORE,** Plaintiff prays for judgment against Defendant(s) jointly and severally for compensatory damages, including but not limited to the following

n.  Medical and funeral expenses connected to the death;

o.  loss of the victims expected earnings;

p.  loss of benefits, such as pension plans or medical coverage;

q.  loss of an inheritance caused by the untimely death of plaintiff,

r.  the value of the goods and services that decedent would have provided;

s.  damages for the survivors mental anguish or pain-and-suffering;

t.  loss of the care, protection, guidance, advice, training, and nurturing from the

   decedent;

u.  loss of love, society, and companionship from the decedent;

v.  punitive damages;

w.  attorney's fees pursuant to applicable statute;

x.  pre-and post-judgment interest;

y.  costs; and

z.  such other and further relief deem just and appropriate by this Court.

## COUNT III

**NEGLIGENT HIRING, TRAINING AND SUPERVISION
BROUGHT PURSUANT TO 42 U.S.C. 1983
(Against ST LOUIS COUNTY,MISSOURI and JON BELMAR)
( individually and officially)**

97.     Plaintiff re-pleads all preceding paragraphs as though fully set forth herein.

98.     Defendants, ST LOUIS COUNTY MISSOURI and JON BELMAR, as CHIEF

OF POLICE are the employers and /or supervising authority of officers for the St Louis County,

Missouri, Police Department.

99.     As employers/supervisors within the St Louis County, Missouri and employment

with the St Louis County, Police Department, these defendants have a duty to exercise

17

reasonable care in the hiring, retention, training and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

100.    These Defendants knew or should have known of the officers' dangerous proclivities, insufficient training and supervision and the threat of injury they posed in effectuating their duties, regarding pursuits and the use of force against person(s) alleged to have committed traffic violations. Due to their lack of training, subpar pursuit skills and an inability to properly and with prudent caution operate their law enforcement vehicles.

101.    These Defendants breached their duty in the negligent and reckless and deliberately indifferent supervision and retention of the enforcement officers directly and indirectly involved in the pursuit.

102.     As a direct and proximate result of the Defendants illegal and unjustified conduct, the Plaintiffs sustained injuries and are entitled to recover damages for:

a.      The deprivation of the deceased's constitutional rights;

b.      The humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress suffered by the deceased;

c.      The present worth or value of the estate which Mikel Neil would reasonably be expected to have saved and accumulated as a result of his efforts between the time of his premature death and the end of his natural life, had he lived;

d.      The death and funeral expenses as well as interest on the cost of funeral and burial of Mikel Neil for the period between the date of his premature death and the date on which he could have been expected to die;

e.      The physical and mental pain and suffering of Mikel Neil;

f.      The present value of loss of services and support;

18

g.    All consequential damages; and

h.    All actual and compensatory damages including, but not limited to past and present pain and suffering and medical expenses.

**WHEREFORE,** Plaintiff prays for judgment against Defendant(s) jointly and severally for compensatory damages, including but not limited to the following

a.  Medical and funeral expenses connected to the death;

b.  loss of the victims expected earnings;

c.  loss of benefits, such as pension plans or medical coverage;

d.  loss of an inheritance caused by the untimely death of plaintiff,

e.  the value of the goods and services that decedent would have provided;

f.  damages for the survivors mental anguish or pain-and-suffering;

g.  loss of the care, protection, guidance, advice, training, and nurturing from the decedent;

h.  loss of love, society, and companionship from the decedent;

i.  punitive damages;

j.  attorney's fees pursuant to applicable statute;

k.  pre-and post-judgment interest;

l.  costs; and

m.  such other and further relief deem just and appropriate by this Court.

## <u>COUNT IV</u>

**CIVIL CONSPIRACY PURSUANT TO 42 U.S.C. SECTION 1983,
42 U.S.C. SECTION 1985 AND 42 U.S.C. SECTION 1986
(Against Defendants, ST LOUIS COUNTY MISSOURI, MISSOURI STATE
HIGHWAY PATROL, JON BELMAR, ALEX MALLOY and MARK JAKOB,
individually and officially**

103.    Plaintiff re-pleads all preceding paragraphs as though fully set forth herein.

104.    At all times material hereto, these defendants' actions were made under the color of authority and law as law enforcement officers for the St Louis County, Missouri Police Department and Missouri State Highway Patrol.

105.    These defendants, through either express or implicit agreement, entered into a conspiracy.

106.    The intent of the conspiracy was to deprive the Plaintiff, either directly or indirectly, of his civil rights.

107.    The purpose of the Defendants' individual and combined effort to cover up law enforcement conduct, resulting in the death of Plaintiff, as a result of police action, police action that was specifically and publically denied. The purpose of the individual and combined efforts was to deprive Plaintiffs of their constitutional rights, including but not limited to their right to seek redress for their grievances through the courts, right to equal protection under the law and right to due process of law.

108.    The actions of these defendants constitute overt acts and were done in furtherance of a conspiracy, including but not limited to those set forth in Paragraphs 23 and 35 thru 45, inclusive.

109.    These defendants each had actual and or constructive knowledge of the conspiracy, the power to prevent or aid in the prevention of the conspiracy, and neglected or refused to prevent the conspiracy.

110.    As a direct and proximate result of Defendants' illegal and unjustified conduct, the Plaintiffs were injured, and are entitled to recover:

(a)     Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount as yet to be determined;

(b)     Plaintiffs' costs in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. Section 1988;

(c)     Punitive damages; and

(d)     Such relief as the Court deems just and proper.

**WHEREFORE,** Plaintiff prays for judgment against Defendant(s) jointly and severally for compensatory damages, including but not limited to the following

a.  Medical and funeral expenses connected to the death;

b.  loss of the victims expected earnings;

c.  loss of benefits, such as pension plans or medical coverage;

d.  loss of an inheritance caused by the untimely death of plaintiff;

e.  the value of the goods and services that decedent would have provided;

f.  damages for the survivors mental anguish or pain-and-suffering;

g.  loss of the care, protection, guidance, advice, training, and nurturing from the decedent;

h.  loss of love, society, and companionship from the decedent;

i.  punitive damages;

j.  attorney's fees pursuant to applicable statute;

k.  pre-and post-judgment interest;

l.  costs; and

m.  such other and further relief deem just and appropriate by this Court.

21

## COUNT V

## MONELL MUNICIPAL LIABILITY/VIOLATION OF CONSTITUTIONAL

## RIGHTS- ACTIONABLE PURSUANT TO 42 U.S.C. SEC. 1983

### (ST LOUIS COUNTY, MISSOURI and JON BELMAR Officially)

111.     Plaintiff  Steed re-alleges and incorporates by reference, as though fully contained herein, all preceding allegations set forth above.

112.     St Louis County, Missouri and Jon Belmar, as a municipal entity, through its law enforcement officers caused the constitutional violations described above.

113.     The constitutional violations described above were done pursuant to "policy and practices" of the Defendants in this count.

114.     At the time of these constitutional violations, Defendant had ratified customs and practices, which permitted and encouraged their police officers to unjustifiably, unreasonably and unlawfully seize persons, use unreasonable and excessive force, fail to and or refuse to provide needed medical treatment to citizen suspects, subject to police action, when there was an obvious and urgent need for such, all in violation of the Fourth Eighth and Fourteenth Amendments of the U.S. Constitution. In addition, the policy of police cover-ups is encouraged by being untruthful and or manipulation of facts to avert or avoid liability and or accountability.

115.     The customs, policies, practices and usages established by Defendants were the moving force behind the violations of Plaintiff's constitutional rights and the conduct of the involved officers were done under color of law.

116.     St Louis County, Missouri allow and encourage their police officers to seize and use unreasonable and excessive force against citizen suspects, and to cover up the conduct immediately to avoid and or avert detection.

22

117.    The conduct of Officers violated, constitutional law, agency policy and rules and safety protocol and statutory mandates.

118.    Upon information and belief, the acts of the Officers were part of a pattern of transgression, of which Defendant, The Law Enforcement Agencies knew or should have known. The failure of Defendants in this count to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of the Defendant The Law Enforcement Agency to condone or otherwise tolerate such constitutional violations.

119.    Defendants the Law Enforcement Agencies herein are accountable under 42 U.S.C. Sec. 1983 because they, through their law enforcement officers, was deliberately indifferent to an obvious need to train Defendant Officers , respectively, to avoid constitutional violations arising from inadequate training pertaining to the lawful use of force against, the law pertaining to seizures and the use of excessive force, the law regarding the providing of immediate medical care to a citizen suspect seized as a result of police action, with an intent to harm and to report and not leave the scene of an accident with known and or obvious physical injury to persons and or property.

120.    Those deficiencies caused Plaintiff damages.

121.    In light of the fact that it was Defendant Law Enforcement Officers of this cause, who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequately so likely to result in the violation of constitutional rights, which policymakers of the municipality can reasonably be said to have deliberately indifferent to the need.

122.    Defendant listed in this count disregarded the obvious need for training on these matters and continued to retain and adhere to the constitutionally deficient training programs

23

despite an obvious need for training was carried out with deliberate indifference to the rights of Plaintiff and those similarly situated.

123.    The acts and or omissions of Defendant named in this count were the legal and proximate cause of Plaintiff's injuries as described herein.

**WHEREFORE,** Plaintiff prays for judgment against Defendant(s) jointly and severally for compensatory damages, including but not limited to the following

a.  Medical and funeral expenses connected to the death;

b.  loss of the victims expected earnings;

c.  loss of benefits, such as pension plans or medical coverage;

d.  loss of an inheritance caused by the untimely death of plaintiff,

e.  the value of the goods and services that decedent would have provided;

f.  damages for the survivors mental anguish or pain-and-suffering;

g.  loss of the care, protection, guidance, advice, training, and nurturing from the decedent;

h.  loss of love, society, and companionship from the decedent;

i.  punitive damages;

j.  attorney's fees pursuant to applicable statute;

k.  pre-and post-judgment interest;

l.  costs; and

m.  such other and further relief deem just and appropriate by this Court.

## COUNT  VI

**NEGLIGENCE**
**BROUGHT PURSUANT TO MISSOURI REVISED STATUTE 537.080**
**(Against all St Louis County, Missouri Defendants individually and officially)**

124.    Plaintiff re-plead all preceding paragraphs as though fully set forth herein.

125.    Sovereign immunity is waived pursuant to Mo. Rev. Stat. Sect. 537.600(1), which allows for claims against the public entity from liability and suit for compensatory damages for negligent acts or omissions for injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment.

126.    The Law Enforcement Officers, engaged in a violent pursuit of a suspect citizen vehicle, the occupants were in the custody and or constructive custody of the law enforcement officers and were seized as a result of police action. In this sequence of events, the suspect vehicle was violently contacted by law enforcement, this is after the vehicle was pursued at speeds in excess of 90 miles an hour. The citizen suspect vehicle crashed during this pursuit, whereby law enforcement was following closely and at a high rate of speed, law enforcement, immediately following the crash, cut off their emergency lights, did not stop at the horrific scene of the crash, knowing and or should know that there was serious injury and at least property damage to the occupied vehicle, law enforcement left the scene and did not alert medical care professionals. Medical care was not alerted for an extended period of time, law enforcement had a duty of care to plaintiff.

127.    The Law Enforcement personnel involved in this matter, was or reasonably should have been aware of the risks posed, when pursuing a suspect citizen vehicle at speeds in excess of 90 miles an hour through a residential zone, and against police pursuit protocol.

128.    The Law enforcement personnel in this pursuit breached their duty to Mikel Neil in one or more of the following ways;

a.      By operating the law enforcement vehicles at an excessive speed given the totality of the circumstances and the duty of safety for the community as well as any suspect citizen vehicle occupants;

b.      Engaging in and Continuing pursuit of a suspect vehicle, suspected of committing a traffic offense with unreasonable and excessive force, for the totality of the circumstances;

c.      Engaging in the pursuit of a suspect citizen vehicle, in direct violation to pursuit protocol and department policy;

d.      Failing to operate an official police vehicle at a rate of speed as to not endanger life or limb of other persons;

e.      Engaging in conduct that foreseeably would cause a citizen suspect to flee and thereby endanger others;

f.      Failing to discontinue a pursuit, when a reasonable and prudent person exercising the highest degree of care would have recognized that the pursuit would risk the lives of others;

g.      These police officer employees violating pursuit policies of the entity as well as all other applicable rules, regulations when engaging in pursuit that was not proper nor authorized;

h.      Exceeding the posted speed limits in violation of statutory mandate;

i.      Pursuing a suspect vehicle that was not in the commission of nor had police any knowledge that its occupants had committed a felonious offense;

j.      Pursuing a suspect vehicle that exhibited no signs of danger to human life or serious injury, other than that which was created by the pursuit itself;

k.      Pursuing a suspect vehicle when the person being pursued showed no immediate or potential danger to the public;

26

l.      Engaging in a pursuit without notifying the command dispatch of any such pursuit;

m.      Engaging in a pursuit without utilizing both the lights and sirens simultaneously throughout the pursuit;

n.      Failing to obtain proper supervisor authorization to continue a pursuit, that had reached high speeds;

o.      Engaging in a pursuit, whereby police caused police vehicle to collide with a suspect citizens vehicle, intentionally and without authorization to engage such contact;

p.      Failing to implement training, policies, procedures ands employee evaluations in order to prevent the foreseeable harm that could, and did result from police pursuit of suspect vehicle;

q.      Failing to regulate the manner in which suspect vehicle pursuits are performed;

r.      Failing to provide a supervisor to properly terminate a dangerous pursuit.

s.      Failing to stop and in Leaving the scene of an accident, when injury to citizen suspects and property damage was obvious;

t.      One Law enforcement officer, having knowledge of the breach of duty and constitutional and other law violations of the other Officer and failing to intervene as required by applicable law.

u.      Failing the provide and or contact immediate medical personnel to address injuries to occupants of a suspect citizen vehicle that was seized as a result of police action, that said, subjecting the occupants of a suspect citizen vehicle to cruel and unusual punishment, for their, alleged traffic offenses.

129.    As a direct and proximate result of the Defendants illegal and unjustified conduct, the Plaintiffs sustained injuries and are entitled to recover damages for:

a.    The deprivation of the deceased's constitutional rights;

b.    The humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress suffered by the deceased;

c.    The present worth or value of the estate which Mikel Neil would reasonably be expected to have saved and accumulated as a result of his efforts between the time of his premature death and the end of his natural life, had he lived;

d.    The death and funeral expenses as well as interest on the cost of funeral and burial of Mikel Neil for the period between the date of his premature death and the date on which he could have been expected to die;

e.    The physical and mental pain and suffering of Mikel Neil;

f.    The present value of loss of services and support;

g.    All consequential damages; and

h.    All actual and compensatory damages including, but not limited to past and present pain and suffering and medical expenses.


**WHEREFORE,** Plaintiff prays for judgment against Defendant(s) jointly and severally for compensatory damages, including but not limited to the following

a.  Medical and funeral expenses connected to the death;

b.  loss of the victims expected earnings;

c.  loss of benefits, such as pension plans or medical coverage;

d.  loss of an inheritance caused by the untimely death of plaintiff,

e.   the value of the goods and services that decedent would have provided;

f.   damages for the survivors mental anguish or pain-and-suffering;

g.   loss of the care, protection, guidance, advice, training, and nurturing from the decedent;

h.   loss of love, society, and companionship from the decedent;

i.   punitive damages;

j.   attorney's fees pursuant to applicable statute;

k.   pre-and post-judgment interest;

l.   costs; and

m.  such other and further relief deem just and appropriate by this Court.

## COUNT VII

## NEGLIGENCE PER SE

**BROUGHT PURSUANT TO MISSOURI REVISED STATUTE SECTION 537.080**
**(Against all St. Louis County, Missouri Defendants in their individual and official capacities)**

130.   Plaintiff re-plead all preceding paragraphs as though fully set forth herein.

131.   Sovereign immunity is waived pursuant to Missouri revised Statute, sect. 537.600(1), which allows for claims against the public entity from liability and suit for compensatory damages for negligent acts or omissions for injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment.

132.   Violations of the statutory code constitute negligence as a matter of law.

133.    Under Missouri law: "Every person shall operate a vehicle in a careful and prudent manner and at a rate of speed so as to not endanger the property of another or the life or limb of any person and shall exercise the highest degree of care." RSMo 306.125(1).

134.    The manner in which the defendants operated their patrol vehicles was in violation of RSMo 306.125(1).

135.    Failing to stop and leaving the scene of an accident was in direct violation of RSMo 577.060, providing in part: " being an operator or driver of a vehicle…knowing that injury has been caused to a person or damage has been caused to property…he leaves the place of the injury…or accident without stopping…" In doing so, a delay in providing medical care, contributing to the death of a suspect citizen seized as a result of police action.

136.    Defendants were acting within the scope of employment as law enforcement officers employed by their respective law enforcement agencies, The St Louis County, Missouri, Police Department, a municipality in the state of Missouri.

137.    The negligence per se of the Defendants was a proximate and direct cause of the injuries sustained by Plaintiffs'

138.    As a direct and proximate result of the Defendants illegal and unjustified conduct, the Plaintiffs sustained injuries and are entitled to recover damages for:

a.    The deprivation of the deceased's constitutional rights;

b.    The humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress suffered by the deceased;

c.    The present worth or value of the estate which Mikel Neil would reasonably be expected to have saved and accumulated as a result of his efforts between the time of his premature death and the end of his natural life, had he lived;

d.      The death and funeral expenses as well as interest on the cost of funeral and burial of Mikel Neil for the period between the date of his premature death and the date on which he could have been expected to die;

e.      The physical and mental pain and suffering of Mikel Neil;

f.      The present value of loss of services and support;

g.      All consequential damages; and

h.      All actual and compensatory damages including, but not limited to past and present pain and suffering and medical expenses.

**WHEREFORE,** Plaintiff prays for judgment against Defendant(s) jointly and severally for compensatory damages, including but not limited to the following

a.   Medical and funeral expenses connected to the death;

b.   loss of the victims expected earnings;

c.   loss of benefits, such as pension plans or medical coverage;

d.   loss of an inheritance caused by the untimely death of plaintiff,

e.   the value of the goods and services that decedent would have provided;

f.   damages for the survivors mental anguish or pain-and-suffering;

g.   loss of the care, protection, guidance, advice, training, and nurturing from the decedent;

h.   loss of love, society, and companionship from the decedent;

i.   punitive damages;

j.   attorney's fees pursuant to applicable statute;

k.   pre-and post-judgment interest;

l.   costs; and

31

m.  such other and further relief deem just and appropriate by this Court.

Respectfully,

/s/ Christopher B. Bent, # 45875
Law Office of Christopher Bent, LLC
2200 West Port Plaza Drive
Suite # 306
St. Louis, MO 63146
Phone: (314) 439-0287
Fax:    (314) 558-2622