IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MIKEL NEIL (deceased), | ) | |
| By and through His Next Friend | ) | |
| CLARA CHEEKS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-02091-CAS |
| | ) | |
| JON BELMAR, et al., | ) | |
|     Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COUNT IV BY DEFENDANT
MISSOURI STATE HIGHWAY PATROL**

Defendant Missouri State Highway Patrol ("MSHP"), by and through counsel, hereby submits this memorandum in support of its Motion to Dismiss Plaintiffs' claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.    Introduction**

Clara Cheeks filed this civil complaint as "next friend" for her deceased son, Mikel Neil ("Neil"). (Doc. 1, ¶¶1-3). The Complaint alleges that Neil died as a result of injuries he sustained in a motor vehicle accident involving Defendants Alex Malloy and Mark Jakob who, it is claimed, were employed as police officers by the St. Louis County Police Department ("SLCPD") and allegedly acting within the scope of their employment as police officers. *Id.*,

¶¶3. 7, 9, and 18. Specifically, the Complaint asserts that while pursuing a motor vehicle which Neil was driving, Defendants Malloy and Jakob performed a "pit" maneuver on Neil's vehicle causing the vehicle to crash. *Id.* ¶¶ 42, 44, and 49. The Complaint claims that Neil initially survived the crash, but that Defendants Malloy and Jakob left the scene of the incident without rendering aid to Neil or notifying emergency medical personnel of the accident. *Id.,* ¶¶ 51-55. The Complaint further alleges that Defendants Malloy and Jakob did not return to the scene of the crash until 45 minutes later by which time Neil had died from his injuries. *Id.,* ¶53.

Count IV is the only count in the 32-page Complaint which attempts to assert a claim against Defendant MSHP.[1] *Id.,* ¶¶103-110. In Count IV, Plaintiffs contend that Defendants Malloy, Jakob, Jon Belmar (Chief of the SLCPD), St. Louis County, Missouri ("County"), and MSHP engaged in a "civil conspiracy" to deprive him of his federally protected rights in violation of 42 U.S.C. §§ 1983, 1985 and 1986. *Id.* Defendant MSHP moves to dismiss Count IV pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Eleventh Amendment Immunity bars the "civil conspiracy" claim

---

[1] Defendant MSHP is not identified as a defendant in Count I (Due Process and Unreasonable Seizure claims brought under 42 U.S.C. §1983), Count II (Excessive Use of Force claim brought under 42 U.S.C. §1983), Count III (Negligent Hiring, Training and Supervision claims brought under 42 U.S.C. §1983), Count V (Municipal Liability claims brought under 42 U.S.C. §1983), or Count VI (State law negligence claim) of the Complaint.

2

against the MSHP and on the ground that Plaintiff has not pled sufficient facts to support a claim for "civil conspiracy" under 42 U.S.C. §§ 1983, 1985, or 1986.

## II. Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint does not have to present "detailed factual allegations," nevertheless:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted).

3

Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

### III.  Discussion

**A. Count IV should be dismissed because it is barred by Eleventh Amendment Immunity.**

Plaintiffs' claim that Defendant MSHP engaged in a "civil conspiracy" to deprive Neil of rights protected by 42 U.S.C. §§ 1983, 1985, or 1986, Count IV of the Complaint, is barred by Eleventh Amendment Immunity. In the absence of consent, the Eleventh Amendment prohibits suits in federal courts against a state or one of its departments or agencies, no matter whether the relief sought is legal or equitable. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984); *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *see also Alden v. Maine*, 527 U.S. 706, 713 (1999) ("Eleventh Amendment immunity" is a "convenient shorthand" for state sovereign immunity, which existed before ratification of the Constitution).  Because Plaintiffs' Complaint expressly

4

alleges that the MSHP is a "law enforcement agency . . . organized under the laws of the State of Missouri," (Doc. 1, ¶14), there is no dispute that the MSHP is an agency of the State of Missouri. Mo. Rev. Stat. 43.020 (2013) (creating State Highway Patrol); *see also Theisen v. Stoddard County,* No. 1:13CV32CDP, 2014 WL 4229793, at *1 (E.D.Mo. Aug. 26, 2014); *Leith v. State of Mo. Highway Patrol*, No. 05CV4399 FJG, 2007 WL 869508, at *2 (W.D.Mo. Mar. 20, 2007); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 60 (1989).

Accordingly, Eleventh Amendment Immunity applies to Plaintiffs' claim unless the immunity has been waived or abrogated. It is well-settled, however, that nothing in 42 U.S.C. § 1983, 1985, or 1986 waives or abrogated Eleventh Amendment Immunity. *Rodgers v. University of Missouri Bd. Of Curators*, 56 F. Supp. 3d 1037, 1049-50 (E.D. Mo. 2014), *aff'd as modified* 634 Fed. Appx. 598 (8th Cir. 2015). Thus, Plaintiffs' claim in Count IV of the Complaint that Defendant MSHP engaged in a "civil conspiracy" to deprive him of his federally protected rights in violation of 42 U.S.C. §§ 1983, 1985 and 1986, must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B. Count IV should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed to plead sufficient facts to support a "civil conspiracy" claim under 42 U.S.C. §§ 1983, 1985, or 1986.**

Although this Court should dismiss Count IV (civil conspiracy) against Defendant MSHP on the basis of Eleventh Amendment Immunity, this Court may also dismiss Count IV on the alternative ground that Plaintiff has failed

to plead sufficient facts to support a "civil conspiracy" claim. The allegations in the Complaint are deficient for two separate, but related, reasons.

### 1. Plaintiffs' allegations concerning the "civil conspiracy" are conclusory.

First, Count IV of the Complaint consists entirely of bald legal conclusions and bare recitations of the elements of a "civil conspiracy" claim. Specifically, Plaintiff alleges that:

> 105. These defendants, through either express or implicit agreement, entered into a conspiracy.
>
> 106. The intent of the conspiracy was to deprive Plaintiff, either directly or indirectly, of his civil rights.
>
> 107. The purpose of the Defendants' individual and combined effort to cover up law enforcement conduct, resulting in the death of Plaintiff, as a result of police action, police action that was specifically and publically denied. The purpose of the individual and combined efforts was to deprive Plaintiffs of their constitutional rights, including but not limited to their right to seek redress for their grievances through the courts, right to equal protection under the law right to due process.

(Doc. 1, ¶¶105-107).

These allegations, however, are nothing but a mere regurgitation of the following essential elements of a "civil conspiracy" claim: (1) the defendant conspired or agreed to conspire with one or more others to deprive plaintiff of a constitutional right; (2) at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured

plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999); *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). Plaintiff has wholly failed to allege any *facts* from which this Court may draw the reasonable inference that Defendant MSHP reached an agreement with any of the other Defendants to deprive Plaintiffs of their constitutional rights. As such, the Count IV of the Complaint fails to state a claim against Defendant MSHP and, therefore, it should be dismissed pursuant to Rule 12(b)(6).

### 2. Plaintiffs' allegations fail to establish any causal connection whatsoever between Plaintiffs' alleged injuries and Defendant MSHP.

Second, the Complaint fails to allege any facts even hinting at a causal connection between the misconduct complained of in Count IV (civil conspiracy) and the MSHP. *Naucke v. City of Park Hills*, 284 F.3d 923, 929 (8th Cir. 2002) ("In a claim under §1983, there must be evidence of a causal connection between the misconduct complained of and the official sued"). A thorough search of the Complaint reveals absolutely no *fact* allegations indicating that the MSHP was involved in any way with the events leading up to Neil's death, with any post-crash investigation, or with any alleged cover-up of the results and findings of investigation (if any). Consequently, there is not even a plausible basis suggesting that Defendant MSHP injured the Plaintiffs in any way, much less suggesting that Defendant MSHP "conspired" with the other named Defendants to deprive Plaintiffs of their federally protected

7

rights. Therefore, Count IV of Plaintiffs' Complaint must be dismissed pursuant to Rule 12(b)(6).

## IV. Conclusion

WHEREFORE, for the foregoing reasons, Defendant Missouri State Highway Patrol respectfully requests that this Court grant its Motion to Dismiss Count IV (civil conspiracy) of Plaintiffs' Complaint; ordering the dismissal of Count IV (civil conspiracy) of Plaintiffs' Complaint with respect to the Missouri State Highway Patrol; and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ John W. Taylor*
John W. Taylor, MO36894
Assistant Attorney General
Post Office Box 861
St. Louis, Missouri 63188
Tel: (314) 340-7861
Fax: (314) 340-7029
John.Taylor@ago.mo.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of January, 2019, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record.

                                                      */s/* John W. Taylor
                                                     Assistant Attorney General