UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIKEL NEIL (deceased), By and through His Next Friend CLARA CHEEKS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JON BELMAR, et al., | ) ) |
| Defendants. | ) |

No. 4:18-CV-2091 CAS

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Missouri State Highway Patrol's (the "MSHP") motion to dismiss Count IV of plaintiff's complaint; defendants Belmar and St. Louis County, Missouri's (collectively, the "County defendants") motion to dismiss Counts I-IV of plaintiff's complaint; and plaintiff's motion for leave to file a first amended complaint with a proposed First Amended Complaint submitted as an attachment thereto. Defendant MSHP's motion to dismiss is fully briefed. Plaintiff did not respond to the County defendants' motion to dismiss, and instead filed a motion for leave to amend her complaint. Defendant MSHP opposed plaintiff's motion for leave to amend and plaintiff filed a reply in support, but the County defendants did not respond to the motion for leave to amend and the time to do so has passed. All motions are therefore ready for ruling.

For the reasons discussed below, the Court will grant defendant MSHP's motion to dismiss Count IV, and will deny plaintiff leave to amend her complaint as to MSHP. The Court will grant plaintiff leave to file a first amended complaint that does not assert a claim against the MSHP, and therefore will not permit the filing of the proposed First Amended Complaint submitted with plaintiff's motion for leave. For purposes of judicial economy, the Court will hold in abeyance any

ruling on the County defendants' motion to dismiss, and upon plaintiff's filing of an amended complaint in compliance with this Memorandum and Order will deny the motion to dismiss without prejudice to the filing of a motion directed to the amended complaint.

I. Background

Plaintiff Clara Cheeks of the mother of Mikel Neil, a deceased adult. The complaint alleges that Mr. Neil died as a result of injuries he sustained on August 10, 2018, in a motor vehicle accident caused by defendants Alex Malloy and Mark Jakob, former St. Louis County, Missouri police officers, while acting within the scope of their employment. The complaint alleges that Malloy and Jacob activated their police vehicle's emergency lights and engaged in a high speed pursuit of Mr. Neil's vehicle after he allegedly violated a red electric traffic signal, and performed a "pit" maneuver on Mr. Neil's vehicle causing it to crash into a tree.[1] The complaint alleges that Malloy and Jakob knew Mr. Neil's vehicle crashed but failed to provide immediate medical treatment to him or his passenger, failed to call 911 or alert other appropriate authorities, and did not return to the crash scene until forty-five minutes later. The complaint alleges that Mr. Neil and his passenger were alive and breathing at the time of the crash, but were dead by the time Malloy and Jakob returned to the scene. The complaint also alleges that Malloy and Jakob reported the crash as a single-car accident caused by driver error, and that St. Louis County falsely claimed its officers were not involved in a pursuit, in an effort to cover up the incident.

With respect to defendant MSHP, the complaint alleges that "St. Louis County, and other Missouri Police Officials, directly communicated with the [MSHP] regarding the incident." Doc. 1 at 10, ¶ 69. The complaint asserts a claim against the MSHP only in Count IV. Count IV alleges

---

[1]The complaint's reference is to a Precision Immobilization Technique ("PIT") maneuver. See, e.g., Moore-Jones v. Quick, 909 F.3d 983, 985 (8th Cir. 2018).

that defendants Malloy, Jakob, the County defendants, and the MSHP engaged in a civil conspiracy to deprive Mr. Neil of his federally protected civil rights in violation of 42 U.S.C. §§ 1983, 1985 and 1986.

II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id., and "raise[s] a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id.

III. The MSHP's Motion to Dismiss

The MSHP moves to dismiss Count IV on two grounds: (1) The Eleventh Amendment bars plaintiff's civil conspiracy claim against the MSHP, and (2) plaintiff fails to allege sufficient facts

to support a claim for civil conspiracy under 42 U.S.C. §§ 1983, 1985, or 1986. The Court addresses only the Eleventh Amendment argument as it is dispositive.

The MSHP argues it is entitled to Eleventh Amendment immunity as an agency of the State of Missouri, as the complaint alleges it is a "law enforcement agency . . . organized under the laws of the State of Missouri," (Doc. 1, ¶ 14), and the MSHP is established by Missouri Revised Statutes § 43.020 (2010). The MSHP cites federal cases holding it is a Missouri state agency entitled to Eleventh Amendment immunity, including Theisen v. Stoddard County, 2014 WL 4229793, at *1 (E.D. Mo. Aug. 26, 2014), and Leith v. State of Missouri Highway Patrol, 2007 WL 869508, at *2 (W.D. Mo. Mar. 20, 2007). It further argues that nothing in 42 U.S.C. §§ 1983, 1985, or 1986 waives or abrogates sovereign immunity, citing Rodgers v. University of Missouri Board of Curators, 56 F.Supp.3d 1037, 1049-50 (E.D. Mo. 2014).

In response, plaintiff fails to address the MSHP's Eleventh Amendment immunity argument. Instead, plaintiff appears to argue the MSHP should not be dismissed as a party to the action at this time because plaintiff wants to conduct discovery on it to determine the identities of individual persons who may not be protected by such immunity. Plaintiff does not cite any authority in support of her argument.

The MSHP replies that its immunity from suit in federal court without its consent would be nullified if plaintiff was allowed to force it to comply with the mandatory disclosure provisions of Federal Rule of Civil Procedure 26(a)(1), or was to direct discovery to it as a party. The MSHP argues its Eleventh Amendment immunity also protects it from having to participate as a party in the pre-discovery and discovery aspects of this case, and therefore its motion to dismiss must be granted.

The Eleventh Amendment bars suits against non-consenting states by their own citizens, among others. U.S. Const. amend. XI; Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 97-98 (1984). This immunity extends to states and "arms" of the state, which can include state agencies. See, e.g., Edelman v. Jordan, 415 U.S. 651 (1974); Union Electric Co. v. Missouri Dep't of Conservation, 366 F.3d 655, 660 (8th Cir. 2004) (Missouri Department of Conservation was an arm of the State for Eleventh Amendment purposes).

Count IV of plaintiff's complaint seeks damages against the MSHP, which the complaint alleges is a state agency. It is well established that the MSHP is an agency of the State of Missouri entitled to Eleventh Amendment immunity. See Theisen, 2014 WL 4229793, at *1 (E.D. Mo. Aug. 26, 2014); Belkin v. Casino One Corp., 2014 WL 1727896, at *2-3 (E.D. Mo. May 1, 2014); Holloway v. Ameristar Casino St. Charles, Inc., 2007 WL 2199566, at *7 (E.D. Mo. July 27, 2007); Leith, 2007 WL 869508, at *2. Accordingly, plaintiff's civil conspiracy claim for money damages against the MSHP in Count IV is barred by the Eleventh Amendment.

Contrary to plaintiff's unsupported argument, she is not entitled to engage in discovery on the merits prior to a ruling on Eleventh Amendment immunity. The Eleventh Amendment confers immunity from suit, not merely a defense to liability. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (quoting In re Ayers, 123 U.S. 443, 505 (1887) ("The very object and purpose of the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties.")). The MSHP's motion to dismiss on the basis of Eleventh Amendment immunity will therefore be granted.

IV. Plaintiff's Motion for Leave to Amend her Complaint

    A. *The Proposed Amended Complaint is Futile as to the MSHP*

Plaintiff seeks leave of Court to file an amended complaint pursuant to Rule 15(a), Fed. R. Civ. P. The MSHP opposes leave, arguing that plaintiff's sole claim against it in the proposed First Amended Complaint is futile.

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Under Rule 15(a), "denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Under well-established Eighth Circuit precedent, "A district court's denial of leave to amend a complaint may be justified if the amendment would be futile." Geier v. Missouri Ethics Comm'n, 715 F.3d 674, 678 (8th Cir. 2013). "An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" Hillesheim v. Myron's Cards and Gifts, Inc., 897 F.3d 953, 955 (8th Cir. 2018) (quoting Silva v. Metropolitan Life Ins. Co., 762 F.3d 711, 719 (8th Cir. 2014)). "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting Iqbal, 556 U.S. at 678).

Count IV of plaintiff's proposed First Amended Complaint asserts a civil conspiracy claim in violation of §§ 1983, 1985, and 1986 against defendants Malloy, Jakob, the County defendants, the MSHP, and new defendants MSHP Master Sergeant M. Broniec, MSHP Sergeant Paul Kempke, and MSHP Trooper John Doe.

The MSHP argues plaintiff's proposed Count IV is futile as against it because (1) the civil conspiracy claims are barred by Eleventh Amendment immunity, as discussed in the MSHP's motion to dismiss Count IV the original complaint; (2) to the extent plaintiff is attempting to hold it vicariously liable for a civil conspiracy in which certain MSHP employees allegedly engaged, the theory of respondeat superior does not apply to actions under §§ 1983 and 1985, and the MSHP is not a "person" within the meaning of § 1986; and (3) plaintiff fails to support her civil conspiracy claim with sufficient facts to state a claim upon which relief can be granted.

Plaintiff's reply again fails to address the MSHP's entitlement to Eleventh Amendment immunity. Plaintiff denies that she seeks to impose respondeat superior liability on the MSHP, and argues her proposed amended complaint sufficiently alleges the three named MSHP employees individually violated her constitutional rights by working together with the other defendants to conceal constitutional violations by law enforcement. (Doc. 36 at 4.) Plaintiff argues the Eleventh Amendment does not bar a suit against state officials sued in their personal capacities, and states that she sues the three MSHP employees in their individual capacities.

Plaintiff's argument as to the potential liability of MSHP employees sued in their individual capacities does not provide a legal basis to support her claims in the proposed amended complaint against the MSHP, or its employees when sued in their official capacities.[2]  Plaintiff's civil

---

[2]It is well settled that Section 1983 damage claims against individual defendants acting in their official capacities are barred, either by the Eleventh Amendment or because in these capacities

conspiracy claims in Count IV of the proposed amended complaint are barred by the Eleventh Amendment for the reasons discussed in Section III above. Plaintiff's proposed amended complaint is therefore futile as to the MSHP and the three MSHP employees in their official capacities.

As a result, the Court will deny plaintiff's motion for leave to file the proposed amended complaint attached to her motion.

B. *Leave to File an Amended Complaint*

The Court will grant plaintiff leave to file a first amended complaint that does not name as defendants the MSHP, or MSHP employees in their official capacities.

As previously stated, the County defendants did not respond to plaintiff's motion for leave to amend her complaint. As a result, the Court does not examine the proposed first amended complaint's allegations against the County defendants, or the merits of these defendants' motion to dismiss the original complaint. Plaintiff should not take this as an indication, however, that her proposed first amended complaint resolved all of the deficiencies asserted in the County defendants' motion to dismiss.

In her to-be-filed amended complaint, plaintiff Cheeks shall also modify the case caption to omit Mikel Neil, deceased, and list herself only in her individual capacity and not as next friend for Mr. Neil. The Missouri wrongful death statute, § 537.080, Missouri Revised Statutes (2010), addresses the survival of injury claims that result in death. Plaintiff Cheeks, as Mr. Neil's mother, is authorized by § 537.080.1(1) to assert a wrongful death claim in her own name, not as a representative for Mr. Neil.

---

they are not "persons" within the meaning of § 1983. See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)).

With respect to the § 1983 claims, plaintiff Cheeks individually is also the appropriate plaintiff. "Under § 1983, state actors who infringe the constitutional rights of an individual are liable 'to the party injured.' 42 U.S.C. § 1983 (1994 & Supp. IV 1998). [However,] the language of § 1983 makes no mention of permissible plaintiffs when the injured party dies." Andrews v. Neer, 201 F.3d 1052, 1056 (8th Cir. 2001). "Under 42 U.S.C. § 1988(a) (1994), in this situation [courts] look to state law to determine who is a proper plaintiff, as long as state law is not inconsistent with the Constitution or federal law." Id. at 1056 (cited case omitted).

The Missouri wrongful death statute addresses the survival of injury claims that result in death, as in this case. Andrews, 201 F.3d at 1057-58. The wrongful death statute is "the sole source of a cause of action in Missouri where the injuries sustained by the decedent caused the decedent's death." Id. at 1058. Under Missouri law, the personal action arising from Mr. Neil's injury and death survives to the persons described in the wrongful death statute. See id. Plaintiff Cheeks therefore has standing to bring § 1983 claims in her own name, not in a representative capacity for Mr. Neil, by virtue of § 537.080. See id.

V. Conclusion

For the foregoing reasons, the Court will grant the Missouri State Highway Patrol's motion to dismiss plaintiff's §§ 1983, 1985, and 1986 civil conspiracy claims against it in Count IV, on the basis of Eleventh Amendment immunity. The Court does not reach the MSHP's merits argument in support of dismissal. Plaintiff's motion for leave to amend her complaint will be denied as futile as to claims against the MSHP and its employees in their official capacities.

The Court will permit plaintiff to file a first amended complaint that (1) omits any claim against the MSHP and its employees in their official capacities, and (2) omits from the case caption the names of Mikel Neil, deceased, and plaintiff Cheeks as next friend for Mr. Neil. The County

9

defendants' motion to dismiss the original complaint remains pending, but will be denied as moot without prejudice, upon plaintiff's timely filing of a first amended complaint. If plaintiff fails to timely amend her complaint as ordered, the Court will proceed to address the County defendants' unopposed motion to dismiss her original complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Missouri State Highway Patrol's Motion to Dismiss Count IV based on Eleventh Amendment immunity is **GRANTED**. [Doc. 14]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint is **DENIED**, but plaintiff may file a first amended complaint by **April 5, 2019**, that (1) omits any claim against the Missouri State Highway Patrol and its employees in their official capacities, and (2) omits from the case caption the names of Mikel Neil, deceased, and plaintiff Cheeks as next friend for Mr. Neil. [Doc. 31]

**IT IS FURTHER ORDERED** that defendants Belmar and St. Louis County, Missouri's Motion to Dismiss remains pending. [Doc. 22] If plaintiff fails to timely file an amended complaint in compliance with this Memorandum and Order, the Court will proceed to address defendants Belmar and St. Louis County, Missouri's motion to dismiss the original complaint.

An appropriate order of partial dismissal will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of March, 2019.