# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CLARA CHEEKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-2091 CAS |
| ) | |
| JON BELMAR, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions. For the following reasons, defendant St. Louis County, Missouri's motion to quash service of process on defendants Jakob and Maloy in their official capacities pursuant to Rule 12(b)(5), Fed. R. Civ. P., will be granted; plaintiff's motions for default judgment against defendants Jakob and Maloy in their official capacities will be denied; and defendants Jakob and Maloy's official-capacity motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., will be granted.

## I. Procedural Background

This action was filed on December 17, 2018. Named as defendants were Jon Belmar, individually and in his official capacity as St. Louis County, Missouri Chief of Police; Alex Malloy,[1] individually and in his official capacity as a St. Louis County police officer; Mark Jakob, individually and in his official capacity as a St. Louis County police officer; St. Louis County, Missouri; and the Missouri State Highway Patrol ("MSHP").

---

[1]Defendant Alex Malloy states that his last name is Maloy. See Doc. 87. Plaintiff has not sought leave of Court to amend her complaint to correct the error in naming this defendant, though she sometimes refers to him as "Maloy" in her filings. See, e.g., Docs. 44, 50. The Court will use "Maloy" in this Order. This usage by the Court does not serve to amend the complaint to correctly name this defendant.

As relevant to the motions pending before the Court, plaintiff filed Notices of Intent to Use Process Server for service of summons and complaint on defendants Maloy and Jakob on December 17, 2018 (Docs. 4, 5). Attached to the Notices were summonses. The summons for defendant Maloy does not state whether he was being served in his official or individual capacity. (Doc. 4-1 at 1.) The information for service shown on the summons is: "Alex Malloy, St. Louis County Police Department, 7900 Forsyth Boulevard, St. Louis, Missouri." (Doc. 4-1 at 2.) Similarly, the summons for defendant Jakob does not state whether he was being served in his official or individual capacity. (Doc. 5-1 at 1.) The information for service shown on the summons is: "Mark Jakob, St. Louis County Police Department, 7900 Forsyth Boulevard, St. Louis, Missouri." (Doc. 5-1 at 2.)

On March 19, 2019, the Court issued an Order stating the record did not reflect proof of summons and complaint on defendants Jakob and Maloy, and directing plaintiff to serve these defendants and file proof of service by April 18, 2019, or the claims against Jakob and Maloy would be dismissed without prejudice pursuant to Rule 4(m), Fed. R. Civ. P. (Doc. 37.)

On March 26, 2019, the Court granted the MSHP's motion to dismiss plaintiff's claims against it, and granted plaintiff leave to file an amended complaint. (Docs. 38, 39.) Plaintiff filed her First Amended Complaint on April 4, 2019. (Doc. 40).

Plaintiff filed a Notice of Intent to Use Process Server on April 10, 2019, which stated it was for service on defendants "Alex T. Maloy and Mark A. Jakob." (Doc. 44) The attached summonses were directed to these defendants at their residential addresses. (Docs. 44-1, 44-2.) Because plaintiff had not filed returns of service from the process issued in December 2018 or otherwise responded to the Order of March 19, 2019, the record was unclear as to the status of service on Jakob and Maloy. As a result, the Court issued the following Docket Text Order on April 11, 2019:

> IT IS HEREBY ORDERED that the Clerk of the Court will not process plaintiff's requests for issuance of summons (Doc. 44); plaintiff must file new requests for issuance of summons on defendants Jakob and Malloy that specify the capacity

(individual or official) in which the defendants are being served. IT IS FURTHER ORDERED that plaintiff must file in the record the returns of service on defendants Jakob and Malloy pursuant to the summons issued on December 18, 2018 (Docs. 4, 5), using the appropriate civil filing event, i.e., Summons Returned Executed, or Summons Returned Unexecuted.

(DTO 45.)

On April 11, 2019, in response to the Docket Text Order, plaintiff filed a return of service for defendant Jakob. (Doc. 47.) The Affidavit of Service states that summons and complaint were delivered on December 19, 2018 to "Amy Abkemer [sic] for Mark Jakob at St. Louis County Police Department, 7900 Forsyth Blvd, Saint Louis, MO." (Doc. 47.) Plaintiff purported to file a return of service for defendant Maloy, but the Affidavit of Service plaintiff actually filed was a duplicate of defendant Jakob's return of service. (Doc. 46.) Thus, there is no return of service in the record for defendant Maloy from the December 19, 2018 service.

Also on April 11, 2019, plaintiff filed a Notice of Intent to Use Process Server which stated it was for service on "Alex T. Malloy and Mark A. Jakob in their individual capacity, as they were served in their official capacity on 12-19-18, but have not been served in their individual capacity." (Doc. 44) The information for service on Jakob shown on the summons is: "Mark A. Jakob, in his individual capacity, 1523 Heirloom Court, St. Louis, Missouri 63146." (Doc. 50-1 at 1.) The information for service on Maloy shown on the summons is: "Alex T. Maloy, in his individual capacity, 4920 Milsmar Drive, St. Louis, Missouri 63128." (Doc. 50-2 at 1.) On April 17, 2019, plaintiff filed returns of service with affidavits stating that Jakob in his individual capacity was personally served on April 13, 2019 (Doc. 51 at 2), and Maloy in his individual capacity was served by substitute service on Jeanne Maloy at defendant Maloy's place of abode on April 12, 2019 (Doc. 52 at 2).

On April 22, 2019, defendants St. Louis County and Belmar filed a motion to quash the December 19, 2018 service of process on defendants Jakob and Maloy under Rule 12(b)(5), Fed.

3

R. Civ. P. (Doc. 53), arguing that service was insufficient because neither Jakob nor Maloy was employed by St. Louis County at the time of service, and the service recipient, Amy Abkemeier, did not have authority to accept service for Jakob or Maloy. Plaintiff opposes the motion to quash and it is fully briefed.

Also on April 22, 2019, plaintiff filed a motion for entry of default judgment against Maloy and Jakob in their official capacities (Doc. 55), seeking a default judgment in the amount of $14 million. Defendants St. Louis County and Maloy and Jakob in their official capacities oppose the motion. Plaintiff did not file a reply in support and the time to do so has passed, so the motion is ready for decision.

On May 1, 2019, defendants Jakob and Maloy in their official capacities filed a motion to dismiss (Doc. 70), arguing that because the governmental entity that employed them, St. Louis County, is also a defendant in the case, plaintiff's official-capacity claims against them are redundant and should be dismissed. Plaintiff opposes the motion and it is fully briefed.

On May 9, 2019, plaintiff filed a motion for entry of clerk's default judgment against Maloy and Jakob in their official capacities (Doc. 82), seeking a default judgment in the amount of $14 million dollars. Defendants Maloy and Jakob in their official capacities oppose the motion, plaintiff did not file a reply in support and the time to do so has passed, so it is ready for decision.

**II. Discussion**

A. <u>Defendant St. Louis County's Motion to Quash the December 19, 2018 Service of Process on Defendants Jakob and Maloy</u>

1. *The Parties' Arguments*

Defendant St. Louis County (the "County") moves to quash the service of process on defendants Jakob and Maloy which was left with Amy Abkemeier, Executive Assistant to the St.

Louis County Chief of Police, on December 19, 2018.² The County asserts that service is ineffective because neither Jakob nor Maloy was employed by the County at the time of service, and Ms. Abkemeier did not have authority to accept service for them. The motion is accompanied by the Affidavit of Ms. Abkemeier, which avers that she told the process server she did not know whether she had authority to accept service for Jakob or Maloy because they were no longer employed by St. Louis County, and that she would find out if she had such authority and let him know. (Doc. 53-1, Ex. A.) Ms. Abkemeier avers that she learned she did not have authority to accept service on Jakob or Maloy, and called the process server and left a voice mail message stating she did not have authority to accept service on Jakob and Maloy. (Id.)

The motion to quash is also accompanied by a copy of an email dated January 9, 2019 from Associate St. Louis County Counselor Priscilla F. Gunn to plaintiff's counsel, Christopher Bent, which states in pertinent part:

> Also, this will confirm that Amy Abkemeier did not have authority to accept service for Alex Maloy or Mark Jakob because neither Officer Maloy nor Jakob were employed by the county at the time of service. She told your process server that she was not confident she had authority to accept service on their behalf, and would let him know if she did not. I believe she did contact the process server. I also appreciate your courtesy in advising me that it will not be necessary for me to file a motion to quash service over Officers Maloy or Jakob at this time to avoid a default judgment against them. I will advise you as soon as I can who will be representing

---

²The motion to quash was filed by St. Louis County and defendant Belmar, but does not state whether it was filed by Belmar in his official capacity, individual capacity, or both. The defense of insufficient service of process is personal. 5B Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1353 n.26 (3d ed.). Plaintiff does not raise the issue of St. Louis County or Belmar's standing to challenge the sufficiency of service of process on Jakob and Maloy in their official capacities. The Court concludes the County has standing to challenge service of process on its employees in their official capacities, because claims against public officers in their official capacities are actually claims against the officers' government employer. Banks v. Slay, 875 F.3d 876, 878 (8th Cir. 2017). To the extent the motion is filed by defendant Belmar in his official capacity, the Court treats it as having been filed by the County. Defendant Belmar in his *individual* capacity does not have standing to assert the defense of insufficient service of process on behalf of Jakob and Maloy, however. In the future, Belmar's counsel must specify the capacity in which his filings are made.

the officers so that you can take appropriate measures to bring them into the case. Please let me know if I misunderstood our conversation.

(Doc. 53-2, Ex. B.)

The County's motion to quash states that under Rule 4(e) of the Federal Rules of Civil Procedure, service may be accomplished on an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) by leaving a copy of summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(e), Fed. R. Civ. P. The County states that Section 506.150.1(1) of the Revised Statutes of Missouri provides for service under state law in a manner identical to that set forth in Rule 4(e)(2)(A)-(C).[3]

The County argues that defendants Jakob and Maloy were not properly served on December 19, 2018 and the returns of service should be quashed, because Jakob and Maloy were not personally served, did not receive the summons and complaint at their dwellings or usual places of abode, and were not served through an agent authorized to receive service of process. The County's argument and citation to Rule 4(e) indicate that it assumes plaintiff was attempting service on Jakob and Maloy in their individual capacities on December 19, 2018.[4]

---

[3] See also Missouri Supreme Court Rule 54.13(b)(1) (personal service within the State of Missouri on an individual).

[4] The Associate County Counselor's email, which discusses Ms. Abkemeier's authority to accept service, also appears to indicate the County believed the service attempt was for Jakob and

6

Plaintiff responds that defendants Jakob and Maloy were sued in their official capacities, and this "is the same thing as suing St. Louis County." (Doc. 65 at 2.) Plaintiff asserts that Jakob and Maloy were properly served under Rule 4(j)(2), Fed. R. Civ. P., which addresses the manner of service upon a local government and provides that service must be made by:

> (A) delivering a copy of the summons and of the complaint to [the local government's] chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.[5]

Rule 4(j)(2), Fed. R. Civ. P.

Plaintiff argues that defendants Jakob, Maloy, and Belmar were served in their official capacities, and service on Jakob and Maloy was effectuated in the same manner as for Belmar, by leaving a copy of the summons and complaint with Amy Abkemeier, who plaintiff asserts without citation to authority "is the person designated for receiving process for Law enforcement in St. Louis County." (Doc. 65 at 2.) Plaintiff also argues without citation to supporting authority, "If service is good on Belmar, then it follows, service is good on Jakob and Malloy as well." (Id.) Plaintiff states, "Since filing a lawsuit against Jakob and Malloy in their official capacity is the same as filing suit against St. Louis County, it would be a complete waste of time to file a motion to quash, given that St. Louis County is already on notice of the lawsuit and has already filed a responsive pleading." (Id. at 3.)

Plaintiff also asserts that the County's counsel caused intentional and unnecessary delay and has engaged in bad faith conduct by waiting over 120 days after service to move to quash, and by

---

Malloy in their individual capacities.

[5]Missouri Supreme Court Rule 54.13(b)(4) and Mo. Rev. Stat. § 506.150.1(5) provide that service on counties is made by delivering a copy of the summons and petition to the clerk of the county commission.

7

delaying in providing addresses for service on Jakob and Maloy. Plaintiff argues the County has waived the objection of insufficiency of service under Rule 12(h)(1), Fed. R. Civ. P., by not asserting it in a timely manner.[6]

The County replies that the summonses for defendants Jakob and Maloy left with Ms. Abkemeier did not indicate service was directed to Jakob and Maloy in their official capacities. The County agrees with plaintiff that suing a public official in his official capacity is the same as suing a public entity, and states that under Federal Rule 4(j)(2) and Missouri law, service on a governmental entity is properly effectuated either by serving the St. Louis County Executive, at the time Steve Stenger; or by serving the County Clerk, Genevieve Frank, whose address is 41 S. Central Avenue, Clayton, Missouri, in a different building than the Police Department. The County argues plaintiff failed to comply with Rule 4(j)(2) and did not properly serve Jakob or Maloy in their official capacities when her process server left copies of summons and complaint with the executive assistant to the County's chief of police.

The County further replies it did not file a motion to quash the December 19, 2018 service sooner because, as documented in the email from Associate County Counselor Gunn to plaintiff's counsel dated January 9, 2019, Ms. Gunn informed plaintiff's counsel that service on Jakob and Maloy was defective as Ms. Abkemeier did not have the authority to accept service for either defendant, and plaintiff's counsel advised Ms. Gunn it would be unnecessary to file a motion to quash at that time to avoid a motion for default judgment. The County states its counsel relied on plaintiff's counsel's representation that a motion to quash would be unnecessary. It also notes

---

[6]Plaintiff's Response contains a number of assertions concerning what Ms. Gunn allegedly said, represented, or promised to plaintiff's counsel, but the response is not accompanied by an affidavit or declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or by exhibits. As a result, the Court does not give weight to these bare assertions. "[U]nsworn arguments are not evidence. See Gentile v. Missouri Dep't of Corr. and Human Res., 986 F.2d 214, 219 (8th Cir. 1993)." Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 804 (8th Cir. 2006).

plaintiff did not file the returns of service on Jakob and Maloy with the Court until April 11, 2019, and argues that under the circumstances of this case, nothing in Rule 12(h)(1) indicates the timing of the motion to quash amounts to a waiver. The County contends plaintiff "is responsible for the delay because her counsel represented that it would be unnecessary to file a Motion to Quash." (Doc. 67 at 4.)

      2. *Analysis*

If a defendant is not properly served, a federal court lacks jurisdiction over that defendant whether or not he or she has actual notice of the suit. Adams v. Alliedsignal General Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (cited case omitted). A motion under Rule 12(b)(5) challenges the sufficiency of service of process. Fed. R. Civ. P. 12(b)(5). Once a plausible challenge to the sufficiency of service of process is made, the plaintiff bears the ultimate burden to make a prima facie showing that service was valid under governing law. See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995).

"A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official-capacity suit against an individual is really a suit against that official's government entity." Banks v. Slay, 875 F.3d 876, 878 (8th Cir. 2017). "[A]lthough official capacity suits may be a legal fiction, they are a legal fiction with meaning." Gillpatrick v. Frakes, 2018 WL 1955123, at *4 (D. Neb. Apr. 17, 2018). "Acts performed by the same person in two different capacities 'are generally treated as the transactions of two different legal personages.'" Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 543 n.6 (quoting F. James & G. Hazard, Civil Procedure § 11.6, p. 594 (3d ed. 1985)). "An individual acting in his personal capacity is a different legal person than one acting in his official capacity." Gillpatrick, 2018 WL 1955123, at *4.

As a result, where a defendant is sued in both his individual and official capacities, as Jakob and Maloy are here, the "defendant is entitled to receive service of process in both capacities.

9

Service in one capacity does not confer jurisdiction over the other capacity, even though the defendant is fully aware of the suit." 1 James Wm. Moore, et al., Moore's Federal Practice §4.50[3] (3d ed. 2018); see King v. Taylor, 695 F.3d 650, 655-56 (6th Cir. 2012) (where plaintiff sued defendant in both his individual and official capacities, but served plaintiff only in his official capacity, the court did not gain jurisdiction over defendant in his individual capacity); Kirkendall v. Univ. of Conn. Health Ctr., 205 F.3d 1323, 2000 WL 232071, at *1 (2d Cir. 2000) (unpublished opinion) (claims against individual defendants in their individual capacities were properly dismissed because the individual defendants did not receive service of process in their individual capacities); see also Robinson v. Turner, 15 F.3d 82, 85 (7th Cir. 1994) ("Service upon an employee in his official capacity does not amount to service in his individual capacity."); Micklus v. Carlson, 632 F.2d 227, 240 (3d Cir. 1980) (rejecting argument that once a defendant was served in his official capacity, he was properly before the court in both his individual and official capacities).

Plaintiff appears to argue, without citation to legal authority, that Jakob and Maloy in their official capacities can be deemed served because their government employer, the County, was served and filed a responsive pleading. This is incorrect. A government employer's entry of appearance is not deemed an entry of appearance by its employees sued in their official capacities. Gillpatrick v. Frakes, 2018 WL 1955120, at *3 (D. Neb. Feb. 26, 2018). "'[W]here a state officer is sued in his official capacity, the state has a major interest in the outcome,' but the officer remains the actual and separate party to the action." Id. (quoting Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 29 (1st Cir. 1988)). "It is essential that the officer sued in his or her official capacity 'receive service of process as an individual because he or she is bound by the judgment and can be held in contempt for disobeying a court order.'" Id. (quoting 4B Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 1109 (4th ed.)).

As stated above, the summonses plaintiff left with Ms. Abkemeier on December 19, 2018 did not state that service was for Jakob and Maloy in their official capacities. Plaintiff contends, however, that her intent was to serve Jakob and Maloy in their official capacities, and thus to serve their governmental employer, St. Louis County. The Court therefore analyzes the sufficiency of the service as to Jakob and Maloy in their official capacities.

Federal Rule of Civil Procedure 4 does not specify the appropriate method of serving public employees in their official capacities.[7] "Some courts have held that service of process for public employees sued in their official capacity is also governed by the rule applicable to serving individuals," but other "courts have held that state officers sued in their official capacities must be served in accordance with Rule 4(j)." 4B Wright & Miller, Federal Practice & Procedure § 1109. Compare Moore v. Hosemann, 591 F.3d 741, 746-47 (5th Cir. 2009) (secretary of state sued in official capacity should be considered a state government entity to be served under Rule 4(j)),[8] with Cassie v. DuBois, 346 F.3d 213, 216 (1st Cir. 2003) (service of process for state employees sued in their official capacities in federal court is governed by Rule 4(e), the federal rule applicable to serving individuals). The Court is not aware that the Eighth Circuit has addressed this issue.[9]

For purposes of the instant motion, the Court will assume that Rule 4(j) applies because the parties' arguments address that rule. The Court need not decide whether Rule 4(e) or Rule 4(j) establishes the method for serving public employees sued in their official capacities, because

---

[7]Missouri statutes and rules similarly do not specify the appropriate method of serving public employees in their official capacities.

[8]At least one district court in the Eighth Circuit has held that public employees sued in their official capacities must be served with process as if they were a state agency under Rule 4(j). See Montin v. Estate of Johnson, 2008 WL 4225244, at *1 & n.3 (D. Neb. Sept. 9, 2008).

[9]In limited independent research, the Court did not find any Missouri case law that definitively addresses how service of process is to be effected on public employees sued in their official capacities under Missouri Supreme Court rules and statutes.

plaintiff here failed to achieve effective service of process on Jakob and Maloy under either rule as a result of the December 19, 2018 service.

Under Rule 4(j), Jakob and Maloy in their official capacities could be served in one of two ways: by leaving a copy of summons and complaint with the County's chief executive officer pursuant to Rule 4(j)(2)(A), Fed. R. Civ. P., or by leaving summons and complaint with the County clerk, pursuant to Rule 4(j)(2)(B), Fed. R. Civ. P., and Rule 54.13(b)(4), Mo. S. Ct. Plaintiff did not leave summons and complaint with either the County's chief executive officer or the County clerk. Instead, plaintiff left process with the executive assistant to the County's chief of police. This service of process did not satisfy either of the methods authorized by Rule 4(j)(2) for effecting service of process on a government entity, and therefore is insufficient to effect service on a public employee sued in his official capacity.

The December 19, 2018 service is also insufficient for individual-capacity service on defendants Jakob and Maloy under Rule 4(e) and Missouri Supreme Court Rule 54.13(b)(1), which require that summons and complaint be delivered to an individual personally; left at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivered to an agent authorized by appointment or by law to receive service of process. Here, summons and complaint were left at Jakob and Maloy's former place of employment, not their dwelling or usual place of abode, and plaintiff offers no evidence demonstrating that either defendant appointed Amy Abkemeier to accept service of process on his behalf. "[L]eaving a copy of the summons at the defendant's place of employment, when the service of process statute requires that the server leave it at the defendant's dwelling, is not valid service of process." Marshall v. Warwick, 155 F.3d 1027, 1030 (8th Cir. 1998); see Doe v. St. James Parish Sch. Bd., 2016 WL 1558794, at *3 (E.D. La. Apr. 18, 2016) (service on individual defendants in their individual capacities in § 1983 action was invalid under Rule 4(e) where plaintiff left summons and complaint

12

with an employee at defendants' place of employment and offered no evidence the employee had been appointed to accept service). Thus, plaintiff's attempted service on Jakob and Maloy did not comply with any of the methods authorized by Rule 4(e)(1) or (2).

As a result, the December 19, 2018 service of process is insufficient for official-capacity service on defendants Jakob and Maloy and should be quashed. Plaintiff's unsupported arguments with respect to the service's validity are meritless and the motion to quash will be granted.

Plaintiff's arguments concerning the County's alleged delay in moving to quash service and waiver under Rule 12(h)(1) are also meritless. Because plaintiff did not state on the summonses that she was serving Jakob and Maloy in their official capacities, and did not serve the summonses on the County's chief executive officer or the County clerk as required for effective official-capacity service under Rule 4(j)(2), Fed. R. Civ. P., her actions did not put the County on notice that she was attempting to serve Jakob and Maloy in their official capacities. Also, shortly after the December 19, 2018 service, Associate County Counselor Gunn informed plaintiff's counsel that service was ineffective because the executive assistant to the Chief of Police had no authority to accept service for defendants Jakob and Maloy, and plaintiff's counsel responded it would not be necessary for defendants to file a motion to quash service, in an apparent acknowledgment that service was ineffective. In the absence of any conflicting evidence from plaintiff, the Court accepts the County's evidence and finds the statement of plaintiff's counsel caused the County to believe it was not necessary to file a motion to quash the December 19, 2018 service. Further, plaintiff did not file the returns of service until April 11, 2019, almost four months after the date of service. The County moved to quash the service eleven days later, prior to the filing of any official-capacity Rule 12 motion by Jakob or Maloy. Under these circumstances, there was no unnecessary delay by the County and no waiver under Rule 12(h)(1).

B. Plaintiff's Motions for Default Judgment.

Plaintiff filed two motions for entry of default judgment against defendants Jakob and Maloy in their official capacities. The motions are substantially similar but the first seeks judgment by the Court (Doc. 55), and the second seeks judgment by the Clerk of the Court (Doc. 82). Both motions seek the entry of default judgment based on Jakob and Maloy's official-capacity failure to respond to plaintiff's original complaint after service of process was made by leaving summons and complaint with the executive assistant to the County's Chief of Police on December 19, 2018.

The motions will be denied for three reasons. First, plaintiff did not file a motion for clerk's entry of default under Rule 55(a), Fed. R. Civ. P., which is a prerequisite to and must precede the grant of a default judgment under Rule 55(b). See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781,783 (8th Cir. 1998). Second, plaintiff would not be entitled to either a clerk's entry of default or a default judgment against Jakob and Maloy in their official capacities, because she did not effect service of process on them in their official capacities by means of the December 19, 2018 service, as discussed above in Part A. Finally, plaintiff's official-capacity claims against Jakob and Maloy are considered claims against the County, see Banks, 875 F.3d at 878, and the County filed Answers to part of the original complaint (Docs. 24, 27), and moved to dismiss the remainder (Doc. 22), and therefore was not in default.

C. Motion to Dismiss of Defendants Jakob and Maloy in their Official Capacities

Defendants Jakob and Maloy in their official capacities ("Jakob and Maloy") move to dismiss plaintiff's First Amended Complaint under Rule 12(b)(6), asserting that plaintiff's official capacity claims against them are redundant and should be dismissed because their former government employer, St. Louis County, is named as a defendant in this action.[10] In support, Jakob

---

[10]It is arguable that Jakob and Maloy's official-capacity Rule 12(b)(6) motion to dismiss should have been asserted in the same motion as the County's Rule 12(b)(5) motion to quash service

14

and Maloy cite Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010), and Artis v. Francis Howell North Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998).

Plaintiff opposes the motion to dismiss, arguing it is untimely because it was filed "nearly 5 months after both defendants were served with process." (Doc. 81 at 2.) Plaintiff also argues, without citation to any supporting authority, that Jakob and Maloy in their official capacities should not be dismissed from this action because the governmental entity for which they worked filed an answer in this case. Plaintiff cites other cases from this district in which St. Louis County police officers were sued in their official and individual capacities but did not file a motion to dismiss the official capacity claims, and characterizes the instant motion as "dilatory and wasteful." (Id. at 6.)

Plaintiff's argument that the motion to dismiss is untimely must fail. Defendants Jakob and Maloy were never served with summons and complaint in their official capacities and, consequently, the time for them to answer or otherwise respond to the complaint did not begin to run.

It is a fundamental principle of § 1983 litigation that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." Elder-Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006); see Kelly v. City of Omaha, Neb., 813 F.3d 1070, 1075 (8th Cir. 2016) (a "plaintiff who sues public employees in their official . . . capacities sues only the public employer"). Because official capacity suits are the equivalent of a suit against the government entity employing the official, Banks, 875 F.3d at 878, the Eighth Circuit has held that claims against officials in their official capacity are properly dismissed as redundant to claims asserted against the entity itself. See Artis, 161 F.3d at 1182 (official-capacity claim against public

---

on them in their official capacities, pursuant to Rule 12(g)'s requirement that all Rule 12 defenses then available to a party be consolidated in one motion. However, Rule 12(h)(2) preserves the right to raise the defense of failure to state a claim as a matter of law in any pleading allowed under Rule 7(a), by motion under Rule 12(c), or at trial. Rule 12(h)(2)(A)-(C). Therefore, in the alternative, the Court will construe Jakob and Maloy's official-capacity motion to dismiss as a motion for judgment on the pleadings under Rule 12(c).

official was correctly dismissed as redundant to claim against official's government entity employer); Veatch, 627 F.3d at 1257 (same, citing Artis). This Court has stated, "It is proper for a court to dismiss a claim against a government officer in his official capacity as duplicative or redundant if the claims are also asserted against the officer's governmental employer." Caruso v. City of St. Louis, 2016 WL 6563472, at *1 (E.D. Mo. Nov. 4, 2016) (citing Veatch, 627 F.3d at 1257); see also Stockley v. Joyce, 2019 WL 630049, at *27 (E.D. Mo. Feb. 14, 2019) (dismissing official-capacity claims against prosecutor and police officer as duplicative of claims against the employing government entity); Banks v. Slay, 196 F.Supp.3d 1021, 1028 (E.D. Mo. 2016), aff'd, 875 F.3d 876.

Plaintiff's official-capacity claims against Jakob and Maloy are duplicative of her claims against the County. As a result, it is appropriate to grant Jakob and Maloy's motion to dismiss plaintiff's official-capacity claims against them. See Artis, 161 F.3d at 1182.

Plaintiff's arguments in opposition do not warrant a different result. Plaintiff cites no authority for the proposition that she is entitled to have Jakob and Maloy remain in this action in their official capacities. Plaintiff is not prejudiced by their dismissal because her official-capacity claims remain against the County, and her individual-capacity claims remain against Jakob and Maloy. The fact that the County may not have sought dismissal of official-capacity claims in other cases is irrelevant to the Court's decision.

Accordingly,

**IT IS HEREBY ORDERED** that defendant St. Louis County, Missouri's motion to quash the December 19, 2018 service of process on defendants Mark Jakob and Alex Maloy in their official capacities is **GRANTED**. [Doc. 53]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Entry of Default Judgment Against Police Officers Alex Maloy and Mark Jakob in their Official Capacity, and Motion for Entry of Clerk's Default Judgment Against Police Officers Alex Maloy and Mark Jakob in their Official Capacity, are **DENIED**. [Docs. 55, 82]

**IT IS FURTHER ORDERED** that the motion to dismiss of defendants Jakob and Maloy in their official capacities, construed in the alternative as a motion for judgment on the pleadings, is **GRANTED**. [Doc. 70]

An order of partial dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of June, 2019.