UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLARA CHEEKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-CV-2091 CAS ) |
| JON BELMAR, et al., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Mike Broniec[1] and Paul Kempke's motion to dismiss plaintiff's First Amended Complaint under Rule 12(b)(2), Federal Rules of Civil Procedure, for lack of personal jurisdiction, Rules 12(b)(4) and (5), Fed R. Civ. P., insufficient service of process, and Rule 12(b)(6), Fed. R. Civ. P., failure to state a claim upon which relief can be granted. Plaintiff opposes the motion and it is fully briefed. For the following reasons, the Court will grant the motion as it pertains to insufficient process and insufficient service of process, pursuant to Rules 12(b)(4) and (5), but will deny the motion to dismiss for lack of personal jurisdiction and grant plaintiff additional time to properly serve defendants Broniec and Kempke. The Court does not reach the Rule 12(b)(6) motion.

**I.      Background**

This action was filed on December 17, 2018. Named as defendants were Jon Belmar, individually and in his official capacity as St. Louis County, Missouri Chief of Police; Alex Malloy, individually and in his official capacity as a St. Louis County police officer; Mark Jakob, individually and in his official capacity as a St. Louis County police officer; St. Louis County,

---

[1] This defendant was sued as "M. Sgt. M. Broniec."

Missouri; and the Missouri State Highway Patrol ("MSHP"). On April 4, 2019, plaintiff filed a First Amended Complaint, naming three additional defendants in their individual capacities: Sergeant M. Broniec, Sergeant Paul Kempke, and Corporal B.A. Teague.

On April 5, 2019, plaintiff filed Notices of Intent to Use Process Server for service of summons and complaint on defendants Broniec, Teague, and Kempke, and the Clerk of the Court issued the summonses. (Doc. 43). On May 6, 2019, plaintiff filed returns of service for defendants Broniec and Kempke. (Docs. 78, 79).

In the instant motion to dismiss, defendants argue that service was insufficient because the private process server hand-delivered the summonses without attaching copies of the First Amended Complaint. In support of their argument, defendants submit an affidavit from Cynthia Scheidt, an employee of the Missouri State Highway Patrol, attesting she was served with summonses for both Broniec and Kempke which did not include copies of the First Amended Complaint. (Doc. 62-1). Defendants additionally argue that service was insufficient because the summonses were delivered to the Missouri State Highway Patrol in Jefferson City, Missouri when Broniec and Kempke are employed at the Troop C Headquarters in Weldon Spring, Missouri.

In response, plaintiff filed the returns of service for Broniec and Kempke to support her position that each summons was properly served with attached copies of the First Amended Complaint. (Docs. 78 and 79). Plaintiff's counsel contends that he has "used the same process server for the past 10 years and this would be the first instance where a summons was served without an accompanying pleading" and that "[o]ut of an abundance of caution and without conceding defendants['] arguments, the process server has been instructed to serve the same named defendants once again, at plaintiff's expense[.]" (Doc. 80). Plaintiff did not address defendants' second

2

argument regarding the allegedly improper service at the Missouri State Highway Patrol in Jefferson City, Missouri or whether Cynthia Scheidt is a proper agent to receive service of process for defendants Broniec and Kempke.

## II. Discussion

Rule 4(e)(2) of the Federal Rules of Civil Procedure provides that an individual may be served:

> [B]y delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e)(2).

Rule 4(e)(1), Fed.R.Civ.P., provides that an individual may be served in accordance with the law of the state in which the district court is located, under the rules for service of a summons on the defendant in an action brought in state court. Missouri Supreme Court Rule 54.13(b)(1) is substantially identical to Federal Rule of Civil Procedure 4(e)(2), and provides for service on an individual as follows:

> (1) On Individual. Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

Mo. S.Ct. Rule 54.13(b)(1).

If a defendant is not properly served, a federal court lacks jurisdiction over that defendant whether or not he or she has actual notice of the suit. Adams v. AlliedSignal General Aviation

3

Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (cited case omitted). A motion under Rule 12(b)(4) challenges the sufficiency of process. Fed. R. Civ. P. 12(b)(4). A motion under Rule 12(b)(5) challenges the sufficiency of service of process. Fed. R. Civ. P. 12(b)(5). Once a plausible challenge to the sufficiency of service of process is made, the plaintiff bears the ultimate burden to make a prima facie showing that service was valid under governing law. See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995). "Normally the process server's return will provide a prima facie case as to the facts of service." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (4th ed.).

Service of summons without a complaint is invalid service of process under Rule 12(b)(4). See 1 Moore's Fed. Practice § 4.50[1] (3d ed. 2018) (citing Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344, 1345-46 (5th Cir. 1992) (mailing summons without complaint renders service invalid); Albra v. Advan, Inc., 490 F.3d 826, 828-29 (11th Cir. 2007) (same)). Here, the record includes an affidavit from Cynthia Scheidt attesting she received the summonses for Broniec and Kempke without attached complaints. (Doc. 62-1). Additionally, the sworn returns of service only state that "summons in a civil action" were delivered, not a summons and complaint. (Docs. 78, 79). In contrast, when plaintiff's process server effected service on defendants Mark Jakob and Alex Malloy, those affidavits of service stated that a "summons in a civil action and first, amended complaint" were served. (Docs. 51, 52). Thus, the returns of service for Broniec and Kempke do not constitute a prima facie showing of service of both summons and complaint, and the affidavit offered by defendants establishes a plausible challenge to the sufficiency of process.

In addition, service of summons and complaint on an individual is insufficient under Rule 12(b)(5) unless it is: (1) personally served on the defendant; (2) delivered to defendant's dwelling

4

house or usual place of abode; or (3) delivered to an agent authorized by appointment or required by law to receive service of process on behalf of the defendant. Fed. R. Civ. P. 4(e)(2); Mo. S.Ct. Rule 54.13(b)(1). Here, the returns of service indicate Broniec and Kempke were not served personally and were not served at their dwelling or usual place of abode, and there is nothing in the record to indicate that Cynthia Scheidt was authorized by appointment or by law to receive service of process on behalf of either Broniec or Kempke. Therefore, even if both summons and complaint had been served on Scheidt, the service of process was insufficient.

Defendants Broniec and Kempke move to dismiss for lack of personal jurisdiction because they were not properly served. Dismissal for lack of personal jurisdiction under Rule 12(b)(2) is not invariably required where service is ineffective; under such circumstances, the district court has discretion to either dismiss the action or quash service and retain the case. Haley v. Simmons, 529 F.2d 78, 78 (8th Cir. 1976) (per curiam); C & L Farms, Inc. v. Federal Crop Ins. Corp., 771 F.2d 407, 408-09 (8th Cir. 1985) (per curiam) ("while a district court may, and indeed should at times, dismiss a cause for want of jurisdiction ascribed to defective service . . . . , the district court is not without rather broad discretion in determining the propriety of dismissal."). Dismissal of a case under Rules 12(b)(4) or 12(b)(5) is generally not appropriate where "there is a reasonable prospect that the plaintiff will ultimately be able to serve defendant properly." Wright & Miller, supra, § 1353. "[T]he court may use its discretion not to dismiss the action in those cases in which it is not clear whether proper service has been made; the simplest solution in this situation is to quash process and allow the plaintiff another opportunity to serve the defendant." Id.; see also Stanga v. McCormick Shipping Corp., 268 F.2d 544, 554 (5th Cir. 1959) (noting that dismissal is not appropriate where there has been only one attempt at service of process)).

Here, the Court in the exercise of its discretion will decline to dismiss Broniec and Kempke from this action for lack of personal jurisdiction and instead will quash service on Broniec and Kempke. "When quashing process, courts have the discretion to order conditions, including time constraints, within which the plaintiff may make a second attempt at service." Wright & Miller, supra, § 1354. See also Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). The amended complaint was filed on April 4, 2019, and the Rule 4(m) service period ends July 3, 2019. The Court will set a deadline of twenty-one days in which plaintiff must effect service upon the defendants in compliance with Rule 4(e), Fed. R. Civ. P., and file proof of same.

Until Broniec and Kempke are properly served with the summons and complaint, this Court lacks personal jurisdiction over these defendants and, therefore, cannot address the merits of their motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that defendants Mike Broniec and Paul Kempke's motion to dismiss for insufficiency of process and insufficiency of service of process under Rules 12(b)(4) and 12(b)(5) is **GRANTED** to the extent the Court orders the service of process on these defendants quashed; defendants' motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and motion to dismiss for failure to state a claim upon which relief can be granted are **DENIED without prejudice**. [Doc. 59]

**IT IS FURTHER ORDERED** that plaintiff Clara Cheeks shall request from the Clerk of the Court issuance of alias summons as to defendants Broniec and Kempke in their individual capacities. As an attachment to the request, plaintiff must include alias summons for each defendant and notice of process server.

**IT IS FURTHER ORDERED** that if plaintiff fails to serve defendant Broniec or defendant Kempke and file proof of such service by **July 12, 2019**, in accordance with this Order, the Court will dismiss plaintiff's claims against any unserved defendant without prejudice pursuant to Rule 4(m), Fed. R. Civ. P.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of June, 2019.