## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CLARA CHEEKS,                          )
                                       )
          Plaintiff,          )
                                       )
          v.                  )      No. 4:18-CV-2091 CAS
                                       )
                                       )
JON BELMAR, et al.,                    )
                                       )
          Defendants.         )

## MEMORANDUM AND ORDER

This matter is before the Court on three motions to dismiss plaintiff's First Amended Complaint, plaintiff's Motion for Leave to File Second Amended Complaint, and defendant Teague's Motion to Strike Plaintiff's Motion for Leave to File Second Amended Complaint. All of the motions are opposed.

Defendant Teague's motion to strike plaintiff's motion for leave to file an amended complaint will be denied because a motion to strike may only be directed against pleadings, not motions. Under Rule 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. "Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly." 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2018). "Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." Id. This Court restricts the use of motions to strike to material contained in pleadings. See, e.g., Metropolitan Cas. Ins. Co. v. Combs, 2014 WL 988452, at *2 (E.D. Mo. Mar. 13, 2014) (amended motion to dismiss was not a pleading and could not be attacked with a motion to strike); Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc., 2008 WL 2518561, at

*1 (E.D. Mo. June 19, 2008) (same); <u>Williams ex rel. McIntosh v. City of Beverly Hills, Mo.</u>, 2008 WL 2792490, at *2 (E.D. Mo. Sept. 24, 2007) (same as to motion to remand).

The Court will grant plaintiff's motion for leave to file a Second Amended Complaint. Pending motions directed to the First Amended Complaint will be denied as moot without prejudice to filing motions directed to a subsequent amended complaint. This ruling offers no comment on the merits or lack thereof of any argument raised in a motion to dismiss, in the opposition to plaintiff's motion for leave to amend, or to the proposed Second Amended Complaint itself.

Plaintiff's motion for leave to amend will be granted but the Court will not permit the filing of the proposed Second Amended Complaint as submitted by plaintiff because of filing error. Plaintiff shall promptly file her Second Amended Complaint after revising it to uniformly refer to defendant Brock Teague in the case caption and throughout the body of the complaint, to avoid potential confusion.[1]

Accordingly,

**IT IS HEREBY ORDERED** that defendant Teague's motion to strike is **DENIED**. [Doc. 130]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a Second Amended Complaint is **GRANTED**; plaintiff shall promptly revise and file her Second Amended Complaint as required by this Memorandum and Order. [Doc. 125]

---

[1]This defendant is listed in the case caption as "Brock. Teague" [sic], in paragraph 19 as "Corporal B.A. Teague," and in a heading on page 29 as "B.A. Teague."

**IT IS FURTHER ORDERED** that the defendants' motions to dismiss plaintiff's First Amended Complaint are **DENIED as moot**, without prejudice to refiling directed to the Second Amended Complaint.  [Docs. 87, 116, 128]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of October, 2019.