UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLARA CHEEKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:18-CV-2091-CAS |
| | ) | |
| JON BELMAR; ALEX MALOY | ) | |
| (IMPROPERLY SUED AS ALEX | ) | |
| MALLOY); MARK JAKOB; ST. LOUIS | ) | |
| COUNTY, MISSOURI; M. SGT. M. | ) | |
| BRONIEC; SGT. PAUL KEMPKE; CPL. | ) | |
| B.A. TEAGUE, | ) | |
| | ) | |
| Defendants. | ) | |

## *DEFENDANTS MALOY AND JAKOB'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT*

COME NOW, Defendants Alex Maloy, in his individual capacity, and Mark Jakob, in his individual capacity, (collectively, "Defendants") and for their Memorandum in Support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), state:

### *I.    INTRODUCTION*

In her Second Amended Complaint (Doc. 142), Plaintiff alleges the following causes of action against Defendants Maloy and Jakob, in their individual capacities:

- Count I: Violations of the Fourth (Unreasonable Seizure), Fifth (Due Process), Eighth (Cruel and Unusual Punishment), and Fourteenth Amendments (Substantive Due Process and incorporating the aforementioned rights under the Fourteenth

Amendment's Due Process Clause) to the U.S. Constitution pursuant to 42 U.S.C. § 1983;

- Count II: Violations of the Fourth Amendment (Excessive Force) pursuant to 42 U.S.C. § 1983;

- Count IV: Civil Conspiracy pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986;

- Count V: Failure to Intervene pursuant to 42 U.S.C. § 1983;

- Count VIII: Negligence; and

- Count IX: Negligence Per Se.

Defendants Maloy and Jakob are entitled to dismissal of all counts against them in their individual capacities for the following reasons:

A.    Qualified Immunity bars Plaintiff's causes of action in Counts I (Fourth, Fifth, Eighth, and Fourteenth Amendments), II (Fourth Amendment), IV (Civil Conspiracy), and V (Failure to Intervene);

B.    Plaintiff fails to allege facts indicating that the alleged seizure by Defendants Maloy and Jakob was unreasonable (Count I);

C.    The Fifth Amendment's Due Process Clause (Count I) is inapplicable in the absence of any action by the federal government;

D.    The Eighth Amendment's Cruel and Unusual Punishment Clause (Count I) is inapplicable to Decedent;

E.    The Fourteenth Amendment's Substantive Due Process Clause (Count I) is not the appropriate vehicle for Plaintiff's claims as there are more definite

constitutional provisions pleaded by Plaintiff that provide the proper analytical lens;

F.      The facts alleged by Plaintiff regarding the alleged use of excessive force (Count II) do not violate the Fourth Amendment's unreasonableness standard;

G.      Plaintiff fails to allege facts tending to show a "meeting of the minds" among the alleged conspirators nor any facts supporting the alleged underlying violations of "access to the courts" and "equal protection" resulting from the alleged civil conspiracy (Count IV);

H.      Plaintiff fails to plead facts that either Defendants Maloy and Jakob had reason to know that the other would use excessive force or that either could have prevented and/or stopped the other from using excessive force (Count V); and

I.      Plaintiff is barred from bringing Counts VIII (Negligence) and IX (Negligence Per Se) because another action has been brought against Defendants Maloy and Jakob, both individually, for the death of Mikel Neil in Missouri state court.

J.      All counts against Defendants should be dismissed for failure to state a claim upon which relief may be granted based on impermissible claim-splitting.

## II.      STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)).  "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678. Under Fed.R.Civ.P. 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n. 4 (8th Cir.2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir.2010).

## III.     ARGUMENT

### A. Defendants Maloy and Jakob, in their individual capacities, are immune from liability on all causes of action alleged against them under the Doctrine of Qualified Immunity.

Defendants Maloy and Jakob are immune from liability for Plaintiff's alleged causes of action against them in their individual capacities by virtue of the Doctrine of Qualified Immunity. "Qualified immunity shields an officer from suit when [she] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [she] confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Qualified immunity shields

4

public officials and reduces "the risks that fear of personal monetary liability and harassing litigation will unduly inhibit [public] officials in the discharge of their duties." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "Law-enforcement officers should not, on pain of having to pay damages out of their own pockets, be required to anticipate how appellate judges will apply maxims of constitutional adjudication about which even those judges sometimes disagree… it would be unworkable." *McCurry v. Tesch*, 824 F.2d 638, 642 (8th Cir. 1987).

There is a two-part inquiry to determine whether a § 1983 action can proceed in the face of an assertion of qualified immunity. *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009). The first part is whether the government official's conduct violated a constitutional right. *James ex rel. James v. Friend*, 458 F.3d 726, 730 (8th Cir. 2006); *Burton v. Richmond*, 370 F.3d 723, 727 (8th Cir. 2004). The second part is to determine whether the right was clearly established. *James*, 458 F.3d at 730; *Burton,* 370 F.3d at 727. If the answer to either question is no, then the officers are entitled to qualified immunity. *Keil v. Triveline*, 661 F.3d 981, 985 (8th Cir. 2011). The Court may exercise its sound discretion in deciding which of these two parts should be addressed first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Individual defendants are entitled to qualified immunity unless their alleged conduct violated "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The law is "clearly established" if it gives the defendant official "fair warning" that his conduct violated an individual's rights when the official acted. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). In other words, a reasonable official would understand that his conduct violated the law. Qualified immunity "allows officers to make reasonable errors so they do not always 'err on the side of caution'" for fear of being sued. *Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996)

(internal citation omitted).  Qualified immunity provides "ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 343 (1986).  "Although the defendant bears the burden of proof for this affirmative defense [of qualified immunity], the plaintiff must demonstrate that the law was clearly established." *Smith v. City of Minneapolis*, 754 F.3d 541, 546 (8th Cir. 2014).

As explained in more detail in the subsequent sections, the rights allegedly violated by Defendants Maloy and Jakob were not clearly established at the time of the incident (August 10, 2018).  Thus, Defendants Maloy and Jakob are entitled to dismissal of Plaintiff's causes of action based on the Fourth, Fifth, and Eighth Amendments against them in their individual capacities.

**B. Plaintiff fails to allege facts indicating that the alleged seizure by Defendants Maloy and Jakob was unreasonable (Count I), and Defendants Maloy and Jakob, both individually, are entitled to qualified immunity.**

If an officer, "by means of physical force or show of authority" has in some way stopped or otherwise restrained the liberty of an individual, a seizure has occurred.  *United States v. Vera*, 457 F.3d 831, 835 (8th Cir. 2006).  Assuming Plaintiff's allegations are true, Plaintiff has sufficiently pleaded that a seizure occurred.  However, even where a Fourth Amendment seizure has occurred, a plaintiff only states a claim under § 1983 if the seizure was unreasonable. *Brower v. County of Inyo*, 489 U.S. 593, 599 (1989).  In contemplating the reasonableness of a seizure, the Eighth Circuit has stated:

> To constitute a reasonable seizure, a traffic stop must be supported by, at a minimum, "a reasonable, articulable suspicion that criminal activity" is occurring. A traffic violation, however minor, provides probable cause sufficient to satisfy the constitutional reasonableness requirement.  Once an officer has probable cause, the stop is objectively reasonable and any ulterior motivation on the officer's part is irrelevant.

*United States v. Frasher*, 632 F.3d 450, 453 (8th Cir. 2011) (internal quotations and citations omitted).

Plaintiff's conclusory allegations that Defendants Maloy and Jakob acted unreasonably in seizing Mikel Neil ("Decedent") should not be accepted by this Court.  *See Iqbal*, 556 U.S. at 678; *see also* Sec. Am. Compl. ¶ 83.  Plaintiff fails to plead facts that any alleged seizure was unreasonable.  Conversely, Plaintiff acknowledges that Defendants Maloy and Jakob were acting with the belief that they had probable cause to seize Decedent due to a traffic violation.  Doc. 142, Sec. Am. Comp., ¶¶ 34, 46, 82, 98.  Since Plaintiff has failed to support her conclusory allegations as to the unreasonableness of Defendant Maloy and Jakob's alleged seizure of Decedent with articulable facts, Defendants Maloy and Jakob, both individually, are entitled to dismissal of the Fourth Amendment cause of action in Count I against them pursuant to Rule 12(b)(6).

Furthermore, the law was not clearly established at the time of the incident that Defendant Maloy and Jakob's alleged conduct violated the Fourth Amendment if they had probable cause to make a traffic stop, which Plaintiff acknowledges they believed they had.  Plaintiff has failed to demonstrate that a seizure purportedly based on probable cause would be unreasonable under the Fourth Amendment at the time of the incident.  For this additional reason, Plaintiff's Count I cause of action based on the Fourth Amendment should be dismissed against Defendants Maloy and Jakob in their individual capacities.

### C. The Fifth Amendment's Due Process Clause (Count I) is inapplicable in the absence of any action by the federal government, and Defendants Maloy and Jakob, both individually, are entitled to qualified immunity.

Plaintiff fails to state a claim upon which relief can be granted regarding the Fifth Amendment, as the Fifth Amendment's due process clause has not been incorporated to be

{02286803.DOCX;1}

effective against the states.  Rather, it applies only to federal entities.  See *Barnes v. City of Omaha*, 574 F.3d 1003, 1006, n.2 (8th Cir. 2009) ("The Fifth Amendment's Due Process Clause applies only to the federal government or federal actions, and the Plaintiffs have not alleged that the federal government or a federal action deprived them of property.").  Here, Plaintiff makes no allegations of any action by the federal government or a federal entity.  Therefore, Plaintiff's Fifth Amendment due process claim lacks an essential element and should be dismissed pursuant to Rule 12(b)(6).

Additionally, the allegations that Defendants Maloy and Jakob's conduct as state actors violated Plaintiff's Fifth Amendment rights was not clearly established at the time of the incident.  Plaintiff has failed to demonstrate that the Fifth Amendment applies beyond the federal government and to state actors at the time of the incident.  Resultantly, Plaintiff's Count I cause of action based on the Fifth Amendment should be dismissed against Defendants Maloy and Jakob in their individual capacities.

> **D.  The Eighth Amendment's Cruel and Unusual Punishment Clause (Count I) is inapplicable to Decedent, and Defendants Maloy and Jakob, both individually, are entitled to qualified immunity.**

When considering the claims of pretrial detainees, the court must consider the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment.  *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  The Eighth Amendment's guarantees are implicated after the "State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."  *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671–72 n.40 (1977)).  Impositions of punishment occurring prior to "a formal adjudication of guilt in accordance with due process of law" apply to the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Id.* Since Plaintiff has not clearly alleged formal adjudications of guilt regarding her son's

8

incarceration, her claims regarding Defendants' alleged actions in violation of the Eighth Amendment must be dismissed pursuant to Rule 12(b)(6).

Moreover, the law was not clearly established, and Plaintiff has failed to demonstrate, that on August 10, 2018, the Eighth Amendment applied to Defendants Maloy and Jakob in relation to their alleged actions when Decedent had yet to be found guilty after a formal adjudication.  Thus, Defendants Maloy and Jakob are entitled to qualified immunity regarding Plaintiff's Eighth Amendment cause of action in Count I and it should dismissed as to Defendants Maloy and Jakob in their individual capacities.

> **E.  The Fourteenth Amendment's Substantive Due Process Clause (Count I) is not the appropriate vehicle for Plaintiff's claims as there are more definite constitutional provisions pleaded by Plaintiff that provide the proper analytical lens, and Defendants Maloy and Jakob, both individually, are entitled to qualified immunity.**

If "a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims."  *County of Sacramento v. Lewis*, 523 U.S. 833, 841 (1998) (internal citations and quotations omitted); *see also Moran v. Clarke*, 296 F.3d 638, 646 (8th Cir. 2002); *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("all claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach"); *Lombardo v. St. Louis City*, 361 F.Supp.3d 882, n.4 (E.D.Mo. 2019) ("the Supreme Court has made clear that substantive due process is not the appropriate vehicle for claims where, as here, there is a more definite constitutional provision that protects against certain government behavior.").

*Lewis* involved a high-speed chase where a police officer attempted to apprehend two men travelling at high speeds on a motorcycle. *Id.* at 836.  The vehicles involved reached speeds up to 100 miles per hour through a residential neighborhood.  *Id.*  The chase ended after the motorcycle tipped over when attempting to make a sharp left turn.  *Id.*  Though the police officer slammed on his breaks, he was unable to avoid hitting one of the motorcycle's passengers, who was pronounced dead at the scene.  *Id.*  The decedent's family brought an action under 42 U.S.C. § 1983 against Sacramento County, the Sacramento County's Sheriff's Department, and the police officer, alleging violation of decedent's Fourteenth Amendment substantive due process right to life.  *Id.*

In analyzing whether the substantive due process analysis was the appropriate, the Supreme Court held that analyzing plaintiff's claims under substantive due process would be inappropriate in this case only if respondents' claim is "covered by" the Fourth Amendment.  *Id.* at 843.  First, the Supreme Court noted that plaintiff did not plead that a search occurred.  Then, it stated that no seizure occurred under *Brower* because the police officer did not intentionally apply means to stop the decedent.  Accordingly, the Fourth Amendment did not apply.

Here, in addition to her Fourth Amendment causes of action regarding unreasonable seizure and excessive force, Plaintiff raises a substantive due process cause of action, alleging that Decedent's right to bodily integrity was violated.  The same alleged facts underlie each cause of action.  Specifically, Plaintiff alleges that Defendants Maloy and Jakob "intentionally performed a 'pit' maneuver on decedent's vehicle," which caused them to crash and be seized. Doc. 142., Sec. Am. Compl., ¶ 53.  Assuming these allegations are true for purposes of this motion, the Fourth Amendment analysis must apply as it represents a more definite constitutional

provision that establishes the appropriate analytical framework to assess Plaintiff's allegations. Thus, Plaintiff's substantive due process claim should be dismissed.

Furthermore, Defendants Maloy and Jakob are entitled to qualified immunity because the law was not clearly established that Plaintiff could assert substantive due process claims under the Fourteenth Amendment in addition to other, explicit constitutional provisions that provide the appropriate framework.  Thus, Plaintiff's substantive due process cause of action should be barred by qualified immunity and dismissed as to Defendants Maloy and Jakob in their individual capacities.

> **F.  The facts alleged by Plaintiffs regarding the alleged use of excessive force (Count II) do not violate the Fourth Amendment's unreasonableness standard, and Defendants Maloy and Jakob, both individually, are entitled to qualified immunity.**

"A claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth Amendment's reasonableness standard."  *Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). In determining whether the force used to effectuate a particular seizure is "reasonable" under the Fourth Amendment, courts consider the following factors: 1) the severity of the crime at issue, 2) whether the suspect posed an immediate threat to the safety of the officer or others, and 3) whether he was actively resisting arrest or attempting to evade arrest by flight.  *Schoettle v. Jefferson Cnty.*, 788 F.3d 855, 859 (8th Cir. 2015).

Whether an officer's use of force is reasonable is judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Plumhoff*, 572 U.S. at 775 (citation omitted).  Thus, courts must "allow for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly

11

evolving—about the amount of force that is necessary in a particular situation." *Id.* (citation omitted); *see also Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force.").

Here, as explained above, Plaintiff acknowledges that Defendants Maloy and Jakob were acting on probable cause stemming from a traffic violation. While the language used by Plaintiff in reference to the alleged traffic violation suggests it was a minor crime, other facts alleged by Plaintiff support the purported use of force by Defendants under the second and third factors contemplated by the *Schoettle* court. For example, Plaintiff claims that Defendants Maloy and Jakob operated their police vehicle at speeds "in excess of 90 miles per hour" (Doc. 142, Sec. Am. Compl. ¶ 168) during the "high-speed chase" (*id.* at ¶ 51) and deployed a "'pit' along with other maneuvers… at speeds that were much too dangerous for said tactics" (*id.* at ¶ 85). In addition, the alleged "high-speed chase" occurred in a "primarily residential" area. *Id.* at ¶ 51.

"When an arrestee flees or resists, some use of force by the police is reasonable." *Greiner v. City of Champlin*, 27 F.3d 1346, 1355 (8th Cir. 1994). Indeed, a suspect who intentionally placed "himself and the public in danger by unlawfully engaging in a reckless, high-speed flight" is a concern the United States Supreme Court specifically mentioned in determining the reasonableness of officer actions. *Scott v. Harris*, 550 U.S. 372, 384 (2007); *see also Mullenix v. Luna*, 136 S.Ct. 305, 310 (U.S. 2015) ("The Court has thus never found the use of deadly force in connection with a dangerous car chase to violate the Fourth Amendment, let alone to be a basis for denying qualified immunity.").

Plaintiff's own allegations suggest that Decedent, by voluntarily disregarding the emergency lights activated by the police and instigating an alleged "high-speed chase," posed an

immediate threat to the safety of themselves, Defendants Maloy and Jakob, and the public. Plaintiff's allegations indicate that Decedent was actively attempting to evade arrest by flight. Treating these alleged facts as true, the alleged use of force by Defendants Maloy and Jakob was not constitutionally unreasonable from the perspective of a reasonable officer presented with the same circumstances and without the benefit of hindsight.  In light of the *Schoettle* factors and cases cited in the preceding paragraph, the law was not clearly established that the alleged conduct of Defendants Maloy and Jakob constituted an unreasonable use of force.  Accordingly, Plaintiff's cause of action based on the Fourth Amendment in Count II against Defendants Maloy and Jakob in their individual capacities should be dismissed pursuant to Rule 12(b)(6) and should be barred by qualified immunity.

> **G. In addition to failing to allege facts indicating a meeting of the minds of the purported conspirators, Plaintiff's civil conspiracy claim (Count IV) must fail because she also fails to allege any underlying violations of "access to the courts" and "equal protection" resulting from the alleged conspiracy.**

In Count V, Plaintiff alleges Defendants Maloy and Jakob entered in a civil conspiracy to deprive Plaintiff of her civil rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.  § 1983 allows people to sue the government for civil rights violations, and applies when someone acting "under color of state law" deprives someone of federally protected rights, such as those guaranteed by the U.S. Constitution or federal statutes.

Section 1985(3) established a federal cause of action where there is a conspiracy to deprive one of civil rights.  A cause of action under section 1985(3) consists of the following elements: 1) a conspiracy; 2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; 3) an act or acts in furtherance of the conspiracy; and 4) an injury to the person or property of a citizen or a

13

deprivation of the rights and privileges of any citizen.  *See Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971).  Further, to assert a conspiracy claim under 42 U.S.C. § 1985 a plaintiff must make allegations of "specific facts that show a 'meeting of the minds' among conspirators." *Barstad v. Murray County*, 420 F.3d 880, 887 (8th Cir. 2005).

Section 1986 creates a cause of action for failure to prevent or aid in preventing a violation of § 1985.  Trangressions of § 1986 by definition depend on a preexisting violation of § 1985.  *See McIntosh v. Arkansas Republican Party-Frank White Election Committee*, 766 F.2d 337, 340 (8th Cir. 1985).

As the Eighth Circuit has summarized:

To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff.  *See, e.g., Simpson v. Weeks*, 570 F.2d 240, 242–43 (8th Cir.1978), cert. denied, 443 U.S. 911, 99 S.Ct. 3101, 61 L.Ed.2d 876 (1979), cited in *Putman v. Gerloff*, 701 F.2d 63, 65 (8th Cir.1983).  Moreover, as Askew acknowledges, the plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.  (quoted in Brief for Appellant at 8–9).

*Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).

Ultimately, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 570.  "Speculation and conjecture are not enough to prove that a conspiracy exist[ed]."  *Green v. State of Missouri*, 734 F.Supp.2d 814, 853 (E.D.Mo. 2011) (quoting *Mettler v. Whitledge*, 165 F.3d. 1197, 1206 (8th Cir. 1999)).

In addition to her failure to show a "meeting of the minds" among the purported conspirators, Plaintiff also fails to allege any facts indicating that her constitutional rights of "access to the courts" and equal protection were, in fact, violated.  Though Plaintiff claims she

14

has been denied access to the courts and equal protection of the law, no facts support these conclusions.  Beyond these deficiencies, Plaintiff's civil conspiracy cause of action fails to demonstrate the existence of a conspiracy under the Intracorporate Conspiracy Doctrine.  Finally, since Plaintiff fails to state a claim under 42 U.S.C. § 1985, its 42 U.S.C. § 1986 must also be dismissed.

> **1.  Plaintiff has failed to allege sufficient facts tending to show a "meeting of the minds" among the alleged conspirators.**

Here, Plaintiff's allegations as to Defendants Maloy and Jakob in Count IV (civil conspiracy) constitute legal conclusions that should not be accepted by this Court.  *See Iqbal*, 556 U.S. at 678.  To state a conspiracy claim, Plaintiff is required to make "allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010).  First, Plaintiff does not specify how there was a meeting of the minds.  Instead, Plaintiff alleges actions by Defendants Broneic, Teague, and/or Kempe.  Doc. 142, Sec. Am. Comp., ¶¶ 112–40.  Beyond these allegations, Plaintiff cites to no specific facts against Defendants to support these claims.[1]  Thus, Plaintiff's civil conspiracy claim against Defendants Maloy and Jakob in their individual capacities should be dismissed pursuant to Rule 12(b)(6).

> **2.  By virtue of her wrongful death cause of action in the Second Amended Complaint, Plaintiff has not been denied meaningful access to the courts.**

To state an "access to the courts" claim, Plaintiff must allege that she suffered actual prejudice to a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 349–55 (1996); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991).  Here, Plaintiff simply states that Defendants'

---

[1] Though Plaintiff has asserted she will never know whether there was a pit maneauver (Sec. Am. Compl. ¶ 131–32), she also states Defendants intentionally performed said pit maneuver (Sec. Am. Compl. ¶ 53) and has sued for the same.

communications were designed to deny Plaintiff full access to courts.  Doc. 142, Sec. Am. Comp., ¶ 74.  Contradictorily, in addition to her "access to the courts" claim, Plaintiff simultaneously seeks redress for the alleged wrongful death Decedent.  In fact, Plaintiff filed her original Complaint with this Court (Dec. 17, 2018) approximately four months after the death of Decedent (Aug. 10, 2018).

"[T]here is no denial of access if the cover-up is exposed in time for the plaintiff to seek redress."  *West v. Brankel*, No. 13-3237-CV-S-DGK, 2015 U.S. Dist. LEXIS 5447, at *22 (W.D.Mo. Jan. 16, 2015) (citing *Vasquez v. Hernandez*, 60 F.3d 325, 328–29 (7th Cir. 1995)). "Nor has meaningful access been denied where the plaintiff knows who the alleged perpetrators are before the statute of limitations for a wrongful death lawsuit expires.  *Id.*  (citing *Chappell v. Rich*, 340 F.3d 1279, 1283–84 (11th Cir. 2003) (per curiam)).  Here, Plaintiff has failed to meet her burden of pleading under Fed. R. Civ. P. 8(a) to show loss of an underlying cause of action. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and like a plain statement should describe any remedy available under the access claim and presently unique to it.").  In light of Plaintiff's wrongful death pleadings in her Second Amended Complaint, she cannot claim she has been denied meaningful access to the courts.  Accordingly, Plaintiff's "access to the court" civil conspiracy cause of action must be dismissed as to Defendants Maloy and Jakob, both individually, pursuant to Rule 12(b)(6).

### 3.  Plaintiff alleges no facts that indicate she was treated differently from others who were similarly situated to her.

"A claim of civil conspiracy 'does not set forth an independent cause of action but rather is sustainable only after an underlying tort claim has been established.'"  *Hanten v. School Dist.*,

183 F.3d 799, 809 (8th Cir. 1999) (quoting *K & S Partnership v. Continental Bank, N.A.*, 952 F.2d 971, 980 (8th Cir. 1991), cert. denied, 505 U.S. 1205 (1992)).  To state an equal protection claim, Plaintiff must allege sufficient specific facts indicating that she was treated differently by a government official than similarly situated persons and that such differential treatment was not rationally related to a legitimate government objective.  *Koscielski v. City of Minneapolis*, 435 F.3d 898, 901 (8th Cir. 2006).

Here, Plaintiff alleges no facts that suggest she was treated differently than similarly situated individuals.  In fact, Plaintiff does not reference her right to equal protection under the law.  Despite her equal protection claim, Plaintiff repeatedly alleges Defendants were acting pursuant to "patterns," "practices," "policies," and/or "customs."  *See, e.g.*, Doc. 142, Sec. Am. Comp., ¶¶ 9, 14, 20, 42–44, 68, 81, 85, 96, 100, 110, 113, 126, 129, 152–56, 170.c.

These assertions suggest that Defendants, including Maloy and Jakob, did not treat Plaintiff differently than those similarly situated to her.  Based on these allegations, Plaintiff received no differential treatment from Defendants, but was instead treated in accordance with Defendants' alleged unwritten policies and customs.  In short, Plaintiff cannot simultaneously claim dissimilar treatment while at the same time acknowledging a pattern of behavior in relation to similarly situated persons.  Again, aside from this incongruity, Plaintiff fails to allege any facts regarding her differential treatment.   For these reasons, Plaintiff's equal protection civil conspiracy claim must be dismissed as to Defendants Maloy and Jakob, both individually, pursuant to Rule 12(b)(6).

> **4. Because Plaintiff has only pleaded that Defendants Maloy and Jakob "were acting within the course and scope of their employment" at all relevant times, Plaintiff fails to demonstrate the existence of a conspiracy involving Defendants Maloy and Jakob under the Intracorporate Conspiracy Doctrine.**

17

A government entity cannot conspire with itself.  *Barstad*, 420 F.3d at 887 (citing *Runs After v. United States*, 766 F.2d 347, 354 (8th Cir. 1985).  An exception arises when the agents were, at the time of the conspiracy, acting beyond the scope of their authority or for their own benefit.  *Id.*  (citing *Garza v. City of Omaha*, 814 F.2d 553, 556 (8th Cir. 1987)); *Cross v. General Motors Corp.*, 721 F.2d 1152, 1156 (8th Cir. 1983) (citations omitted); *but see Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).  Here, Plaintiff only pleads that Defendants Maloy and Jakob "were acting within the course and scope of their employment" at all relevant times.  Doc. 142, Sec. Am. Comp., ¶¶ 20, 49, 178.  Accordingly, any alleged conspiracy must be attributed to the governmental entity itself.  *See Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010) ("A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity.")  Plaintiff's civil conspiracy cause of action against Defendants Maloy and Jakob in their individual capacities should be dismissed pursuant to Rule 12(b)(6).

**5.  Given that Plaintiff's 42 U.S.C. § 1985 should be dismissed, her 42 U.S.C. § 1986 claim must also be dismissed.**

A 42 U.S.C. § 1986 claim must be predicated on a 42 U.S.C. § 1985 claim.  *Barstad*, 420 F.3d at 887 (citing *Jensen v. Henderson*, 315 F.3d 854, 863 (8th Cir. 2002)).  As Plaintiff's § 1985 does not state a claim upon which relief can be granted, her § 1986 must also be dismissed.

**H.  Plaintiff has failed to plead facts that either Defendants Maloy and Jakob had reason to know that the other would use excessive force or that either could have prevented and/or stopped the other from using excessive force (Count V), and Defendants Maloy and Jakob, both individually, are entitled to qualified immunity with respect to alleged failures to intervene for other alleged constitutional violations.**

18

It is "clearly established that an officer who fails to intervene to prevent the unconstitutional use of excessive force by another officer may be held liable for violating the Fourth Amendment." *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009).  An officer can be liable for nonfeasance, "where the officer is aware of the abuse and the duration of the episode is sufficient to permit an inference of tacit collaboration."  *Krout v. Goemmer*, 583 F.3d 557, 565 (8th Cir. 2009); see also *Jennings v. Davis*, 476 F.2d 1271, 1275 (8th Cir. 1973) (requiring an officer to "have had the duty, opportunity, or the ability to intervene").

Here, Plaintiff alleges that Defendants Maloy and Jakob failed to intervene "during the constitutional violations described" in the counts preceding Count V.  Doc. 142, Sec. Am. Comp., ¶ 141.  However, "outside of the excessive force context, there is no clearly established law regarding a duty to intervene to prevent constitutional violations."  *Hess v. Ables*, 714 F.3d 1048, 1052 (8th Cir. 2013) (citing *Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012)).  Accordingly, qualified immunity bars liability against Defendants Maloy and Jakob in their individual capacities with regards to Plaintiff's failure to intervene cause of action for alleged violations of her constitutional rights aside from excessive force.

As explained above, with regard to excessive force, Plaintiff has not sufficiently pleaded facts showing that Defendants Maloy and Jakob acted unreasonably during their alleged use of force.  Since Plaintiff's excessive force claim must be dismissed in light of the previously described deficiencies, so too must her derivative failure to intervene claim.

Additionally, Defendants Maloy and Jakob argue that Plaintiff has failed to sufficiently plead facts that are required to make a claim for failure to intervene.  First, Plaintiff merely alleges that both Defendants Maloy and Jakob had "knowledge of the misconduct."  Doc. 142, Sec. Am. Comp., ¶ 141.  However, Plaintiff does not support this conclusory allegation with any

19

facts: she neither describes the specific misconduct either allegedly had knowledge of, nor explains when such knowledge was allegedly gained.  Plaintiff also neglects to provide facts that either had the ability or opportunity to intervene, which would be difficult given the alleged "high-speed chase."  *See id.* at ¶ 51.  Absent these facts, Plaintiff fails to state a claim upon which relief can be granted.

In sum, Defendants Maloy and Jakob are entitled to qualified immunity regarding any claim against them in their individual capacities for failure to intervene as there was no constitutional violation of excessive force, nor was there a clearly established law that the duty to intervene applies outside of the context of excessive force on the date of the incident.   In addition, Plaintiff's conclusory allegations in Count V are not sufficiently pleaded and Plaintiff's failure to intervene against Defendants Maloy and Jakob should be dismissed pursuant to Rule 12(b)(6).

> I. **Plaintiff is barred from bringing Counts VIII (Negligence) and IX (Negligence Per Se) because another action has been brought against Defendants Maloy and Jakob, both individually, for the death of Mikel Neil in Missouri state court.**

Lauren Neil and Macahya Neil, a minor, are the natural daughters of Decedent.  As Decedent's daughters, Lauren and Macahya are Class One beneficiaries and thereby entitled to bring an action under R.S.Mo. § 537.080, Missouri's wrongful death statute, for the death of Decedent.  On November 26, 2018, Lauren Neil and Macahya Neil, by and through her Next Friend Elizabeth Simms, filed a petition in the Circuit Court of St. Louis County, Missouri seeking damages pursuant to R.S.Mo. § 537.080 for the alleged wrongful death of Decedent. The petition names Alex Maloy and Mark Jakob, in their official and individual capacities, as defendants.  This Missouri state court action is still pending.  A copy of Plaintiff's Motion to

Intervene in the aforementioned Missouri state court action is attached as Exhibit A, and a copy of the Order granting Plaintiff's Motion to Intervene is attached as Exhibit B. Defendants will supplement the Petition filed by Plaintiff pursuant to the Order as soon as we receive it, which is due no later than November 22, 2019. This Court may take judicial notice of the aforementioned filing date of the state wrongful death action. *Knutson v. City of Fargo*, 600 F.3d 992, 1000 (8th Cir. 2010) (recognizing it is appropriate for federal district courts to take judicial notice of state court files when they are relevant to issues in federal court).

Subsequently, in the case at bar, Plaintiff filed her Complaint in this Court on December 17, 2018. The Missouri wrongful death statute provides that "only one action may be brought under this section against any one defendant for the death of any one person." R.S.Mo. § 537.080(2); *see also Lumley v. Farmers Ins. Co., Inc.*, 716 S.W.2d 455, 457 (Mo. App. 1986) ("The courts have long held that [Missouri's Wrongful Death Statute] provides for one indivisible claim for the death of a person which accrues on the date of death. . . . We believe from the above line of cases it is clear that there can be only one recovery and one cause of action, regardless of how many claimants are able to join in that one recovery."). Consequently, Counts VIII and IX of Plaintiff's Second Amended Complaint must be dismissed pursuant to Rule 12(b)(6) as Plaintiff is barred from recovering for the death of Decedent in a separate action under Missouri's wrongful death statute.

> **J. Plaintiff is barred from bringing her Second Amended Complaint due to claim-splitting and the first-to-file rule because she is a Plaintiff in a state court action over the same occurrence against Defendants Maloy and Jakob, both individually, for the death of Mikel Neil in Missouri state court.**

21

Plaintiff has filed a Motion to Intervene (which was granted) in a Missouri state court action in the Circuit Court for St. Louis County, Missouri (18SL-CC04457), regarding the subject incident.  Ex. A.

### 1. Plaintiff's Second Amended Complaint should be dismissed for engaging in improper claim-splitting.

Federal courts prohibit claim-splitting and require that a plaintiff "bring all claims arising out of a common set of facts in a single lawsuit."  *ResCap Liquidating Tr. v. PNC Bank, N.A. (In re RFC & ResCap Liquidating Tr. Litig.)*, No. 13-cv-3451(SRN/HB), 2017 U.S. Dist. LEXIS 114352, at *95–96 (D. Minn. July 21, 2017) (internal citation omitted).  The principles of res judicata apply, except the requirement of a final judgment.[2]  *Id.*  (internal citation omitted).  Though generally federal courts have a "virtually unflagging obligation" to exercise jurisdiction given to them, exceptions exist where the court first assuming jurisdiction may exercise that jurisdiction to the exclusion of other courts.  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976) (stating inconvenience of the federal forum, desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums are factors); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23–27 (1983) (stating additional factors of whether state or federal law controls and the adequacy of the state forum to protect the federal plaintiff's rights); *see also Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009) (setting forth six factors); *1 Vision*

---

[2] "A court evaluating whether res judicata applies must consider whether: (1) there has been a final judgment on the merits of a cause of action; (2) the court that issued the judgment was of competent jurisdiction; (3) the person seeking to preclude the claim was a party or a privy to a party in the first litigation; and (4) the claim sought to be precluded either was actually litigated or is a claim that might have been offered in the first litigation."  *ResCap Liquidating Tr. v. PNC Bank, N.A. (In re RFC & ResCap Liquidating Tr. Litig.)*, No. 13-cv-3451(SRN/HB), 2017 U.S. Dist. LEXIS 114352, at *96 (D. Minn. July 21, 2017) (citing *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir. 2001)).

22

*Aviation PLLC v. Silver Airways, LLC*, No. 19-cv-4021-MAR, <u>2019 U.S. Dist. LEXIS 133465, at *6</u>–*8 (N.D. Iowa Aug. 8, 2019).[3]

Here, the Circuit Court of St. Louis County, Missouri, has exercised jurisdiction before this Court (first factor of *Fru-Con* as state may have an interest in litigating state law claims where action was not in rem). *See supra.* Currently, the same parties are before each court, and Plaintiff certainly has the ability to raise its claims in the Missouri action. Further, the claims in Missouri court pertain to an alleged wrongful death, out of which Plaintiff has attempted to allege all other causes of action. *See* Ex. A. Though this forum is not inconvenient (factor two of *Fru-Con*), separate actions would result in piecemeal litigation (factor three of *Fru-Con*). Discovery has taken place in the Missouri action, and this matter remains in the pleading stages (factor four of *Fru-Con*). There is a mixture of federal and state law claims (factor five of *Fru-Con*). There is nothing to suggest the state court cannot protect plaintiff's federal rights (factor six of *Fru-Con*).

There can be no doubt Plaintiff <u>must</u> raise her claims with any other plaintiff in the same action, and the Missouri court already exercised jurisdiction over this matter before Plaintiff filed this. *See supra.* Accordingly, Plaintiff should be forced to raise her claims in state court. Should she choose to raise federal claims in the same suit, then, at least, all claims can be litigated in court (either state court or federal court, if removed) rather than have parallel litigation burden Defendants). This would promote the interests espoused by the Eighth Circuit and the Supreme Court in *Colo. River*. *See Sparkman Learning Ctr. v. Ark. Dep't of Human*

---

[3] "Under Missouri law, the test for identifying claim splitting is '(1) whether separate actions brought arise out of the same act, contract or transaction; or (2) whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions.'" *DeMaine v. Midwest Inv. Servs. Grp.*, No. 4:17 CV 2403 RWS, <u>2017 U.S. Dist. LEXIS 186991, at *3</u> (E.D. Mo. Nov. 13, 2017) (quoting *Hutnick v. Beil*, <u>84 S.W.3d 463, 466</u> (Mo. App. E.D. 2002)).

*Servs.*, <u>775 F.3d 993, 1000</u> (8th Cir. 2014) (a plaintiff should not parse claims out to be heard by different courts) (internal citation omitted).

> **2. Plaintiff's Second Amended Complaint should be dismissed based on the first-to-file rule.**

In the alternative, the first-to-file rule should be invoked to dismiss Plaintiff's claims.  As the Eighth Circuit has stated:

> The well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case.  This first-filed rule is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice.  The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply.

*Nw. Airlines v. Am. Airlines*, <u>989 F.2d 1002, 1005</u> (8th Cir. 1993) (internal quotations and citations omitted).  Though some district courts have disagreed regarding whether this rule applies where one action is pending in state court, this district has found, "Typically, the first-filed rule is applied when an action is filed in two federal courts.  However, the rule is applied with equal force when an action is filed in federal court and state court."  *Pragmatic Software Corp. v. Antrim Design Sys.*, No. 02-2595 (JRT/FLN), <u>2003 U.S. Dist. LEXIS 1824, at *9</u> (D. Minn. Jan. 28, 2003) (citing *Commercial Union Ins. Co. v. Torbaty*, <u>955 F. Supp. 1162, 1163</u> n.1 (E.D. Mo. 1997) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, <u>675 F.2d 1169, 1174</u> (11th Cir. 1982))); *see also Cent. Bank of St. Louis v. NEC Amarillo Emergency Ctr.*, No. 4:17-CV-02214 ERW, <u>2017 U.S. Dist. LEXIS 179153, at *7</u> n.3 (E.D. Mo. Oct. 30, 2017) (recognizing disagreement). The Eighth Circuit's two red flags indicating potential compelling circumstances (whether the first-filed party had notice the other party was going to file suit, and whether the first-filed action was an action seeking declaratory judgment rather than for damages or equitable relief) may still be present, yet in the absence of bad faith, do not necessarily

24

warrant setting aside the first-to-file rule.  *Lewis & Clark Reg'l Water Sys. v. Carstensen Contracting, Inc.*, No. 4:18-CV-04067-RAL, 2018 U.S. Dist. LEXIS 154557, at *8–*12 (D.S.D. Sep. 11, 2018).  The identity of issues and defendants is not required, rather the crucial inquiry is one of "substantial overlap."  *Yeti Coolers, LLC v. Beavertail Prods., LLC*, No. 1-15-CV-415 RP, 2015 U.S. Dist. LEXIS 106177, at *7 (W.D. Tex. Aug. 12, 2015) (citing *International Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011)).

Here, there is no indication either of the two "red flags" exist.  Consistent with the Eighth Circuit's words of caution that "sensitive consideration of ongoing proceedings in state courts" should be given and that federal courts should "'tread lightly' when a state proceeding is already underway," and based on these considerations and in the event this Court is not inclined to dismiss due to the rule against claim-splitting, this Court should dismiss Plaintiff's Second Amended Complaint due to the first-to-file rule.  *See Cent. Bank*, No. 4:17-CV-02214 ERW, 2017 U.S. Dist. LEXIS 179153, at *7 n.3 (E.D. Mo. Oct. 30, 2017) (quoting *Merrill Lynch*, 675 F.2d at 1173)).

## IV.      CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants Alex Maloy and Mark Jakob, both in their individual capacities, respectfully request that this Court grant their Motion to Dismiss and order the dismissal of Counts I (violations of the Fourth, Fifth, and Eighth Amendments), II (Fourth Amendment), IV (civil conspiracy), V (failure to intervene), VIII (Negligence), and IX (Negligence Per Se) of Plaintiff's' Second Amended Complaint against them, and granting such other and further relief as this Court deems just and proper under the circumstances.

/s/ Robert T. Plunkert

Robert T. Plunkert  #62064MO
PITZER SNODGRASS, P.C.
Attorney for Defendants Alex Maloy and Mark
Jakob (individually only)
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: plunkert@pspclaw.com

     I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 29th day of October, 2019:

Mr. Christopher B. Bent
Law Offices of Christopher Bent, LLC
2200 West Port Plaza Drive, Suite 306
St. Louis, Missouri 63146
cbb@cbentlaw.com
*Attorney for Plaintiff Clara Cheeks*

Ms. Priscilla Frances Gunn
St. Louis County Counselor's Office
41 S. Central Avenue
Clayton, Missouri 63105
pgunn@stlouisco.com
*Attorney for Defendants Jon Belmar and St. Louis County*

Mr. Eric S. Schmitt
Mr. John W. Taylor
Attorney General's Office
P.O. Box 861
St. Louis, Missouri 63188
john.taylor@ago.mo.gov
*Attorneys for Defendants Mike Broniec and Paul Kempke*

/s/ Robert T. Plunkert

{02286803.DOCX;1}