# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CLARA CHEEKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-02091-CAS |
| | ) | |
| JON BELMAR, et al., | ) | |
| Defendants. | ) | |

## DEFENDANT BRONIEC'S, KEMPKE'S, AND TEAGUE'S SUPPLEMENTAL MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendants Mike Broniec (Broniec), Paul Kempke (Kempke), and Brock Teague (Teague) (hereinafter collectively referred to as the Post-Crash Investigators), by and through undersigned counsel, hereby submit this Supplemental Motion to Dismiss Second Amended Complaint. Concurrent with the filing of this motion, the Post-Crash Investigators have filed a separate memorandum in support which they incorporate herein by this reference. This motion supplements, but does not supersede or replace, the Post-Crash Investigators' pending Motion to Dismiss (Doc. 146). This motion is based on facts that the Post-Crash Investigators first became aware of during briefing on the defendants' motions to dismiss. (Docs. 152, 152-1, 152-2, 153, 153-1, 153-2, and 153-3). In further support of this motion, the Post-Crash Investigators state:

1. Counts IV and VI of Plaintiff's Second Amended Complaint assert claims that Plaintiff was denied "access to the courts" either by means of a conspiracy in which the Post-Crash Investigators were allegedly involved (Count IV) or by the alleged failure of the Post-Crash Investigators to intervene to prevent a cover-up which allegedly deprived

Plaintiff of her right to "access the courts" (Count VI).

2. In Counts IV and VI, Cheeks seeks money damages. (Doc. 142). Specifically, Cheeks argues that, due to the actions of the Post-Crash Investigators, she "could recover less than she otherwise would have in the wrongful death claim as a result of the [alleged] wrongful acts" of the Post-Crash Investigators. (Doc. 162, pg. 6).

3. During this case, the Post-Crash Investigators learned that Cheeks is not the only person pursuing a "wrongful death" claim stemming from the events alleged in the Second Amended Complaint. In fact, the decedent's two daughters are also seeking damages under the "wrongful death" statute for decedent's death in a suit pending in state court. (Docs. 152, 152-1, 152-2, 153, 153-1, 153-2, and 153-3).

3. If the Court accepts Cheeks' argument that she "could recover less" in the state court "wrongful death" action as true, then, logically, it is also true for decedent's daughters who are also participating in the state court "wrongful death" action. That is, decedent's daughters might also "recover less" in the pending state court "wrongful death" action due to the alleged conspiracy of the Post-Crash Investigators and due to their alleged failure to intervene to prevent the alleged cover-up.

4. If this Court allows Counts IV and VI to go forward and does not dismiss them pursuant to Rule 12(b)(6), then complete relief cannot be had to all parties who may have been injured by the alleged actions of the Post-Crash Investigators. Fed. R. Civ. P. 19(a)(1)(A).

5. Alternatively, if this Court allows Counts IV and VI to go forward and does not dismiss them pursuant to Rule 12(b)(6) then, absent joinder of decedent's daughters to this

action as plaintiffs, the Post-Crash Investigators face a substantial risk of incurring multiple inconsistent obligations to Cheeks and to decedent's daughters. Fed. R. Civ. P. 19(a)(1)(B)(ii). That is, Cheeks might recover one sum from the Post-Crash Investigators in this action based on an insufficient recovery in the underlying "wrongful death" action; decedent's first daughter could recover another amount from the Post-Crash Investigators in a different lawsuit asserting the same claims; and decedent's second daughter could recover yet another amount from the Post-Crash Investigators in a third lawsuit asserting the same claims.

6. Accordingly, *all* parties pursuing a "wrongful death" claim stemming from decedent's death must be joined as parties to this action pursuant to Rule 19 if the Court permits Counts IV and VI to go forward.

7. Cheeks has wholly failed to allege either the names of decedent's daughters who are involved with the state court "wrongful death" action or the reasons for not joining them as plaintiffs to this action. Fed. R. Civ. P. 19(c)(1)-(2).

8. Accordingly, Cheeks' Second Amended Complaint should be dismissed because Cheeks has failed to join, as plaintiffs, decedent's two daughters who are part of the state court "wrongful death" action as required by Rule 19. See, Fed. R. Civ. P. 12(b)(7).

WHEREFORE, for the foregoing reasons, Defendants Mike Broniec, Paul Kempke, and Brock Teague respectfully request that this Court grant their Supplemental Motion to Dismiss the Second Amended Complaint; order the dismissal of the entire Second Amended Complaint or, alternatively, order the dismissal of Counts IV (civil conspiracy) and VI (failure to intervene) of Plaintiff's' Second Amended Complaint with respect to

3

them; and granting them such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ John W. Taylor*
John W. Taylor, MO36894
Assistant Attorney General
Post Office Box 861
St. Louis, Missouri 63188
Tel: (314) 340-7861
Fax: (314) 340-7029
John.Taylor@ago.mo.gov
*Attorneys for Defendants Broniec, Kempke, and Teague*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2019, the foregoing was filed electronically via the Court's electronic filing system and was served by operation of the CM-ECF system on all counsel of record. Additionally, the undersigned certifies that, on this same date, a paper courtesy copy of the same was placed in the United States Mail, first class, postage prepaid, addressed to:

Hon. Charles A. Shaw
Chambers 8N
111 S. 10th Street
Suite 8.148
St. Louis, MO 63102

*/s/* John W. Taylor
Assistant Attorney General