UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLARA CHEEKS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:18-cv-02091-SEP |
| | ) |
| JON BELMAR, *et al.*, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File her Third Amended Complaint. Doc. [235]. Plaintiff seeks leave under Rule 15(a)(2) of the Federal Rules of Civil Procedure to amend her Complaint to add factual allegations and clarify the scope of her claims. Doc. [236] at 1. Defendants oppose the Motion.[1] For the reasons set forth below, Plaintiff's Motion is denied.

### BACKGROUND

Plaintiff Clara Cheeks filed this action on December 17, 2018, alleging several claims on behalf of her son, Mikel Neil, who died on August 10, 2018, as a result of injuries sustained in a motor vehicle incident involving two St. Louis County police officers, Defendants Alex Maloy and Mark Jakob.[2] Doc. [1]. On October 15, 2019, Plaintiff filed a Second Amended Complaint in compliance with this Court's order. Doc. [142]. On September 17, 2020, the Court dismissed several counts set forth in Plaintiff's Second Amended Complaint for failure to state a claim. Doc. [186]. Following the Order of Partial Dismissal, the remaining federal claims against Defendants Jon Belmar and St. Louis County were Plaintiff's Count III alleging negligent hiring,

---

[1] The remaining Defendants in this case are Officers Maloy and Jakob, John Belmar, individually and in his official capacity as the Chief of Police of St. Louis County, and St. Louis County. *See* Doc. [186] (dismissing all claims against other named Defendants).

[2] The facts underlying this action were discussed at length in the Court's Order of Partial Dismissal on September 17, 2020. Doc. [186]. Briefly, Plaintiff's claims arise from a motor vehicle incident involving Mr. Neil and Defendants Maloy and Jakob. Doc. [142] (Plaintiff's Second Amended Complaint) ¶¶ 3-7. Plaintiff alleges that the officers pursued Mr. Neil for an alleged traffic light violation at speeds up to 90 miles per hour. *Id.* ¶ 52. Plaintiff further alleges that Defendants Maloy and Jakob executed a precision immobilization technique (PIT) maneuver, causing Mr. Neil's car to crash, and ultimately causing his death. *Id.* ¶¶ 53, 55, 83. After the crash occurred, Plaintiff alleges that the officers left the scene without reporting the incident or stopping to render medical assistance to Mr. Neil or his passenger. *Id.* ¶ 86.

1

training, and supervision under 18 U.S.C. § 1983, and Count VII alleging liability under *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).[3]  Doc. [231] at 1.  In the same order, the Court narrowed Plaintiff's federal claims against Defendants Officers Maloy and Jakob to a "substantive due process claim for failure to provide emergency medical care" under § 1983.[4]  Doc. [186] at 25.

On May 13, 2021, the Court issued a Case Management Order, which notified the parties that the Court would not grant additional time to amend the pleadings as of right in this matter.  Doc. [202].  Rather, the Court instructed that further requests for leave to amend the Complaint must be made under Federal Rule of Civil Procedure 15(a)(2).[5]  On October 26, 2021, Plaintiff filed this Motion for Leave to File a Third Amended Complaint.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) "governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule— 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'"  *Harris v. Chicago Title Ins. Co.*, 594 F.3d 935, 947-48 (8th Cir. 2012) (quoting Fed. R.

---

[3] Defendants note that Plaintiff's Proposed Third Amended Complaint also appears to abandon Counts III and VII of the Second Amended Complaint.  Doc. [239] at 6.  In the instant Motion, Plaintiff seeks leave to amend her Fourth Amendment Excessive Use of Force and Failure to Provide Emergency Medical Care claims, *see* Doc. [235] at 1-2, which the Court denies, leaving the Second Amended Complaint as the operative pleading.  Plaintiff remains free to abandon any of her earlier-pled claims by filing a new proposed Third Amended Complaint reflecting only such abandonment and no other amendments.

[4] Count I of Plaintiff's Second Amended Complaint alleged that Defendants Maloy and Jakob failed to provide or call for emergency medical care for Mr. Neil after the crash, but it did not allege a constitutional basis for the claim.  *See* Doc. [142] ¶¶ 56-62, 86.  Defendants did not mention Plaintiff's failure to provide emergency medical care allegation in their Motion to Dismiss briefing, however; thus, the Court did not consider the claim there.  Doc. [186] at 23-24.  In its Order of Partial Dismissal, the Court clarified that, because Plaintiff cited "deliberate indifference" in connection with the Due Process Clause throughout her Second Amended Complaint and her Motion to Dismiss briefing, the claim was properly asserted pursuant to the Fourteenth Amendment and not dismissed along with Plaintiff's Eighth Amendment allegations.  *See id.* at 24-25.

[5] As Defendants note in their Response to Plaintiff's Supplemental Motion for Leave to File a Third Amended Complaint, Doc. [237], the Court instructed in its May 13, 2021, Case Management Order that any proposed amendments in a subsequent request for leave to amend the Complaint must be "clearly marked" in the motion.  *See* Doc. [202] at 1.  Plaintiff failed to follow that instruction in her first Motion to File a Third Amended Complaint filed on October 29, 2021.  *See* Docs. [224], [225].  The Court instructed Plaintiff to refile her Motion with the proposed amendments clearly marked.  Plaintiff filed a proposed Third Amended Complaint with changes to her excessive force claim marked on November 16, 2021.  Docs. [235], [236].

2

Civ. P. 15(a)(1) and (2)). The Court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Parties do not have an absolute right to amend their pleadings, however, even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). The decision to permit a party to amend its pleadings is left to the broad discretion of the trial court. *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* "It is within the court's discretion to refuse to allow amendment of pleadings because of a failure to explain a delay in seeking leave to amend, or if the amendment would be futile." *Schriener v. Quicken Loans, Inc.*, 2013 WL 147842, at *1 (E.D. Mo. Jan. 14, 2013), *aff'd*, 774 F.3d 442 (8th Cir. 2014) (citing *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1882 (8th Cir. 1993); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986)).

## DISCUSSION

### I.     Plaintiff's Excessive Use of Force Claim

Plaintiff's Fourth Amendment Excessive Use of Force claim was dismissed on September 17, 2020. Doc. [186]. The instant Motion contends that additional evidence has come to light during discovery that warrants Plaintiff's reassertion of that claim in her Third Amended Complaint.

Plaintiff's Excessive Use of Force claim was dismissed on the basis that Defendants Maloy and Jakob were entitled to qualified immunity. Doc. [186] at 25. In its Order of Partial Dismissal, the Court found that the facts asserted by Plaintiff regarding Defendants' alleged use of excessive force did not violate the Fourth Amendment's objective reasonableness standard. *Id.* Taking Plaintiff's allegations as true (e.g., that Defendants traveled at speeds up to 90 miles per hour in a residential neighborhood, *id.*; that Defendants engaged in a PIT maneuver, causing Mr. Neil's vehicle to crash into a tree, *id.* at 27; that Defendants left the scene without calling for medical assistance for Mr. Neil and his passenger, *id.*; and that Defendants violated written St. Louis County pursuit policies, *id.*), the Court found that Defendants' conduct, as alleged in the Second Amended Complaint, was reasonable under applicable Supreme Court and Eighth Circuit precedent. *Id.* at 27-31.

In reviewing Plaintiff's Proposed Third Amended Complaint, the Court finds that Plaintiff's proposed amendments to her Complaint related to the Excessive Use of Force claim would be futile. The Court has already carefully considered Plaintiff's most salient factual allegations, and the Proposed Third Amended Complaint does not plead new facts sufficient to alter the Court's judgment that dismissal of the Excessive Use of Force claim was proper. Plaintiff alleges that she has introduced "new" relevant facts based on deposition testimony offered by Dr. Gregory Alpert on August 17, 2021. Doc. [235] ¶¶ 4, 5. But the Proposed Third Amended Complaint does not allege new facts so much as it embellishes and adds conclusory characterizations of facts earlier alleged. *See, e.g.*, Doc. [235-1] ¶¶ 37, 41, 42, 44-46, 51, 64, 71-73, 76-80 (adding details that have no relevance to the reasonableness of the officers' use of force); ¶¶ 55, 56, 58-60, 74, 75, 85 (adding new normative assessments of facts already alleged in the Second Amended Complaint and assumed in this Court's prior Order).

The only arguably new factual allegation in the Third Amended Complaint is contained in paragraph 50 and elaborated upon in paragraphs 52, 61, and 62. There, Plaintiff alleges the possibility that Defendants used a "RAM" maneuver, rather than the PIT maneuver alleged in the Second Amended Complaint, to stop Mr. Neil's car. *See id.* ¶ 50 (Defendants "performed either a 'PIT' or 'RAM' maneuver' on Neil's vehicle . . . ."); ¶ 52 ("More than likely, the officers performed a RAM as opposed to a pit."); ¶ 61 ("Ramming a vehicle at 90 mph is completely unreasonable inasmuch as it is likely to cause serious injury or death."); ¶ 62 ("A ram should never be used during a pursuit where less force is appropriate."). Plaintiff provides no account of how the alleged possibility—even if it is, as alleged, a *likelihood*—that the officers "rammed" Mr. Neil's car, rather than using a PIT maneuver, could revive Plaintiff's Excessive Use of Force claim after the Court's prior dismissal of that same claim. Even interpreting the asserted possibility as a full-fledged allegation, rather than speculation, the Court finds that it could not revive Plaintiff's claim. This Court's earlier Order found, after thorough analysis of Supreme Court precedent, that "police officers have substantial authority to use deadly force to end car chases because of the dangers such chases pose to public safety," specifically noting the applicability of that principle to "vehicle ramming and PIT maneuvers." *See* Doc. [186] at 30-31. Plaintiff has alleged no new fact that could take her Excessive Use of Force claim outside the scope of that ruling. Therefore, her proposed amendments would be futile.

4

Plaintiff argues that she seeks leave in good faith, that an amendment will not cause undue delay, and that Defendants will not be prejudiced if leave is granted,[6] but even if those things are all true, it does not change the fact that the proposed amendment would be futile. Therefore, the Court declines to grant Plaintiff leave to amend her Complaint with respect to her Excessive Use of Force claim.

## II. Plaintiff's Failure to Render Medical Care Claim

Plaintiff also asks for Leave to File a Third Amended Complaint to clarify the basis for her Failure to Provide Emergency Medical Care claim, Doc. [326] at 1, in response to this Court's Order of Partial Dismissal on September 17, 2020. Doc. [186] at 23-25. As discussed in note 5, above, the Court instructed in its Case Management Order on May 13, 2021, that Plaintiff must clearly mark all proposed amendments when requesting leave to amend her Complaint. *See* Doc. [202] at 1. When Plaintiff failed to follow that instruction in her Motion to File a Third Amendment Complaint filed on October 29, 2021, *see* Docs. [224-1], [225], the Court required Plaintiff's counsel to re-file his Motion with the proposed amendments clearly marked. In response, counsel highlighted changes to the excessive force claim but identified no proposed amendments to Plaintiff's Failure to Render Medical Care claim. *See* Doc. [235-1] at 11-13.

Plaintiff's Memorandum in Support sheds no light on the substance of any proposed amendments. *See* Doc. [236]. Plaintiff states, without elaboration, that leave to amend should be granted "[i]n the interest of judicial economy," because "justice so requires," because she asks for leave in good faith, and so that she may "present all salient claims stemming from the death of her son." Doc. [236] at 2. She also asserts that Defendants will not be prejudiced by such leave, because she asserts no "new or additional claims." Doc. [235] ¶ 8. But Plaintiff does not describe the substance of her amendments; nor does she explain why she neglected to request leave to amend earlier or why the amendments she proposes would not be prejudicial at this stage. *See* Doc. [186]. Because Plaintiff nowhere justifies, or even identifies, any proposed

---

[6] The Court is skeptical of Plaintiff's conclusory assertions that granting leave to amend would not cause undue delay or prejudice to Defendants. Doc. [236] at 2. As the Court noted in its Case Management Order, a substantial amount of time has passed since Plaintiff has been on notice of deficiencies in her Complaint. Doc. [202] at 1. The request to amend the pleadings arrived six months after the Court made that observation, 13 months after the Court's ruling on Defendants' Motions to Dismiss, and two months before the deadline for completion of all discovery—without any justification for the delay. Given the time already elapsed, the Court is especially leery of permitting unjustified further delay and disinclined to accept Plaintiff's unsupported assurance that the proposed amendments will cause none.

amendments to her Failure to Provide Emergency Medical Care claim, Plaintiff's request to amend her Complaint with respect to that claim is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. [235]) is **DENIED.**

Dated this 17th day of December, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE