UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLARA CHEEKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:18-cv-2091-SEP |
| JON BELMAR, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Stay Proceedings Pending Interlocutory Appeal. Doc. [275]. On August 17, 2022, Defendants Jon Belmar and Frank Maloy timely filed a Notice of Interlocutory Appeal, Doc. [274], as to the Court's August 16, 2022, Order—which denied Defendants' Motion for Summary Judgment on the grounds that they were not entitled to qualified immunity, *see* Doc. [271]—and in the instant Motion request that this Court stay all proceedings in this action until their appeal is resolved, *see* Doc. [275]. On August 24th, Plaintiff filed her Memorandum in Opposition to the Motion to Stay, arguing that Defendants' appeal is frivolous, lacks merit, and was made only for the purpose of delay. Doc. [280] at 3 (quoting *Johnson v. Hay*, 931 F.2d 456, 459 (8th Cir. 1991)).

A filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Johnson*, 931 F.2d at 459 n.2 (quoting *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989)). "Ordinarily, [a court of appeals] lack[s] jurisdiction to hear an immediate appeal from a district court's order denying summary judgment, because such an order is not a final decision." *Langford v. Norris*, 614 F.3d 445, 455 (8th Cir. 2010) (quotation marks omitted) (quoting *Krout v. Goemmer*, 583 F.3d 557, 563-64 (8th Cir. 2009) (citing 28 U.S.C. § 1291, and *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005))). The Eighth Circuit has held that it "do[es], however, have 'limited authority . . . to review the denial of qualified immunity through an interlocutory appeal under the collateral order doctrine.'" *Langford*, 614 F.3d at 455 (quoting *Krout*, 583 F.3d at 564) (citing *Johnson v. Jones*, 515 U.S. 304, 311-12 (1995))).

But its "jurisdiction to review the denial of qualified immunity extends only to abstract issues of law, not to determinations that the evidence is sufficient to permit a particular finding of fact after trial." *Langford*, 614 F.3d at 455 (quoting *Krout*, 583 F.3d at 564 (quoting *Johnson*, 515 U.S. at 314)) (cleaned up).  The Eighth Circuit has made clear that the question at issue here—"whether the facts, taken in the light most favorable to the plaintiffs, support a finding that the state defendants violated [the plaintiff's] clearly established constitutional rights"—is a "'purely legal' issue" over which it does have jurisdiction to hear an interlocutory appeal. *Langford*, 614 F.3d at 455 (citations omitted).

"Once a notice of appeal has been filed in a case in which there has been a denial of a summary judgment motion raising the issue of qualified immunity, the district court should then stay its hand." *Johnson*, 931 F.2d at 459 n.2.  With respect to Plaintiff's argument regarding frivolity and delay, the Eight Circuit has explained that, "[i]f the appeal is utterly lacking in merit and for the purpose of delay only," *the Eighth Circuit* will "take appropriate action." *Johnson*, 931 F.2d at 459 n.2 (citation omitted).  As such, Defendants' Motion to Stay is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Proceedings Pending Interlocutory Appeal (Doc. [275]) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **STAYED** pending the resolution of Defendants' appeal before the Court of Appeals for the Eighth Circuit.

**IT IS FINALLY ORDERED** that the trial in this matter, currently set for September 26, 2022, is **VACATED** and will be reset, as necessary, upon the resolution of Defendants' appeal.

Dated this 26th day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE